THE KANSAS CITY, LAWRENCE & SOUTHERN KANSAS RAILWAY COMPANY v. HENRY BOLSON.

1. RAILROAD STOCK LAW; *Evidence; Corporation; Practice.* Where an action is brought in a justice's court, under § 30, ch. 84, Comp. Laws of 1885, against a railway company for the killing of stock, and no answer is filed or appearance made by the defendant before the justice of the peace, and the defendant appeals to the district court, on the trial *in the district court it is not necessary for the plaintiff to prove that the railway company is a corporation,* to entitle him to recover. The proof that the defendant was a railway company operating said railway at the time of the injury, under § 30, is sufficient.

2. NEGLIGENCE OF DEFENDANT, *Evidence Not Sufficient to Prove.* Where the only proof to establish negligence of the defendant in killing stock is the fact that the place where stock is run over and killed by a moving freight train was at a point on the track where the per-

sons in charge and operating said train could have seen the cow in time to have stopped the train, and the fact that the train was moving faster than the regular schedule time for such trains, in the absence of all showing when the cow went upon the track, is not sufficient evidence to establish negligence on the part of the defendant to entitle the plaintiff to recover.

*Error from Montgomery District Court.*

ACTION brought by *Bolson* before a justice of the peace, against *The Railway Company,* to recover damages of the defendant for killing a cow belonging to plaintiff. The defendant made no appearance before the justice; judgment for plaintiff; defendant appealed; plaintiff filed an amended bill of particulars; defendant filed no answer. Trial by jury, at the December Term, 1884, and judgment for plaintiff for $35 damages and $225 costs. The defendant brings the case to this court.

*Geo. R. Peck, A. A. Hurd,* and *Robert Dunlap,* for plaintiff in error.

Opinion by CLOGSTON, C.: The defendant in error has filed no brief, and therefore we cannot say upon what theory he claims that the judgment ought to be sustained. The plaintiff in error claims, first, that there is no evidence shown in the record to prove that the defendant is a corporation; and second, that there is a failure to prove that the injury complained of was caused by the negligence of the defendant, or of its agents or servants. As to the first of these propositions, we think the learned counsel are in error; and we first suggest this question: Was it necessary for the plaintiff to prove that the defendant was a corporation, under his bill of particulars, to entitle him to recover? The statute under which this action was brought, is as follows:

"Every railway company or corporation in this state, and every assignee or lessee of such company or corporation, shall be liable to pay to the owner the full value of each and every animal killed, and all damages to each and every animal wounded by the engine or cars of such railway, or in any

other manner whatever in operating such railway, irrespective of the fact as to whether such killing or wounding was caused by the negligence of such railway company or corporation, or the assignee or lessee thereof, or not." (Comp. Laws of 1885, ¶ 5205.)

This statute makes the distinction between railway companies and railway corporations, and makes both liable for damages for stock killed or injured in the operation of the road. When the legislature framed this section it doubtless thought, as counsel suggest, that a partnership or an individual may operate a railroad without being incorporated, and if they do, they ought to be liable as well as if they are incorporated. In this case, while the plaintiff alleged in his bill of particulars that the Kansas City, Lawrence & Southern Kansas Railway Company is a corporation, would this description of the defendant prevent him from recovering, provided he brought his action against the right railway company defendant? He brought his action against the company which was in fact operating the road, but described it as being a corporation; and his failure to make that proof that the company was incorporated, we think, under his bill of particulars, not necessary. He established the fact that the train of cars that caused the injury was operated by the agents and servants of the Kansas City, Lawrence & Southern Kansas Railway Company. Again, the defendant made no appearance in the justice's court, but after judgment against it, appealed to the district court. Who appealed? What company or corporation? Whoever it was, it was the defendant, and although it had been described as a corporation, yet it was the company which was sued that was appealing, and in the name of the Kansas City, Lawrence & Southern Kansas Railway Company, removed said cause to the district court, and to this court, thereby admitting its existence either as a corporation or a railway company operating that line of road. And it having done this, it is unnecessary for the plaintiff to prove more. But should we be mistaken in this proposition, we think the record shows evi-

1. Railroad stock law; evidence; corporation.

dence sufficient to submit this question to the jury; and the jury on this evidence, as shown by the record, was warranted in finding the defendant to be a corporation. Witness Phelps testified that the defendant was in the possession of the right-of-way, and had been ever since the road was built, some twelve years or more; and on the cross-examination of witness Hastings, the following questions were asked and answered :

"Q. Do you know that the Southern Kansas Railway Company is a corporation different from the Kansas City, Lawrence & Southern corporation? A. I do not. I understand they are the same identical road.

"Q. Do you know what a corporation is? Can they be the same? A. I understand they are the same."

This evidence not only admits that the Kansas City, Lawrence & Southern Kansas Railway Company is a corporation, but it as well proves this fact by the witness. It is true, perhaps, that this was not the proper way to prove the existence of a corporation, but the defendant made the proof, and it cannot be heard now to say that the proof was incompetent.

As to the second proposition, we think the learned counsel are correct. The record shows no negligence on the part of the defendant, its agents or servants in managing the train at the time of the injury complained of. We can well see why the trial court might hesitate in submitting this question to the jury, or even submit it at all. The evidence relied on, or at least the only evidence offered for the purpose of showing negligence, was that the place where the cow was killed was at a point on the road where the engineer could have seen the cow for a distance sufficient for him to have stopped the train and prevented the injury. This claim is clearly shown by the evidence, but there was a total failure on the part of the plaintiff to show when the cow went upon the track. The sectionmen testified that when the cars came by them, where they were at work, about one hundred and fifty yards from the place where the cow was run over, a whistle sounded the

<div style="margin-left:2em">2. Negligence of defendant, evidence not sufficient to prove.</div>

danger signal, and they looked up and saw the cow on the track. This was the first they had seen of her. The engineer testified that the train was within one hundred and fifty yards from the place where they struck the cow when she came on the track, and that he whistled for brakes, reversed his engine, and gave the alarm whistle for stock. The conductor in charge of the train testified that the signal for brakes was promptly responded to. Now this evidence was undisputed. What more could the train-men have done to prevent this injury?

It is also true that the train was running somewhat faster than the regular schedule time, but this fact alone is not sufficient to warrant the jury in finding defendant guilty of negligence, for the regulation in relation to the operation and running of freight trains is made by the railway company for its own convenience, and it has a right to run its trains at such rate of speed as to it seems advisable and its business demands.

There is one other question shown by the record we feel called upon to mention, although not complained of. That is the instructions of the court in withholding from the jury the question of demand provided for in paragraph 5206, Comp. Laws of 1885, and in substantially instructing the jury that before they could find for the plaintiff they must find that the injury complained of was caused by the negligence of the defendant. We think the evidence of a demand, as shown by the record, was sufficient to raise a question of fact, and ought to have been submitted to the jury; and as this question was not so submitted, and as the defendant has a right to have this question submitted and determined by the jury, we cannot direct a judgment on the findings of fact as would otherwise be done by affirming the judgment.

It is recommended that the judgment of the court below be reversed.

By the Court: It is so ordered.

All the Justices concurring.