### JOHN E. MAYNARD *vs.* BOSTON AND MAINE RAILROAD.

Suffolk.   March 5. — September 4, 1874.   WELLS & ENDICOTT, JJ.,
                               absent.

If a horse, while trespassing upon the track of a railroad corporation, is killed by a locomotive engine, the corporation is not liable unless the injury was caused by the wanton and reckless misconduct of its agents; and it is not enough to show that they carelessly ran over the horse, and did not use reasonable care to avoid him.

TORT for the killing of a horse on the Newburyport Railroad by the defendants' locomotive engine.   Trial in the Superior Court, before *Putnam*, J., who allowed a bill of exceptions in substance as follows:

It was proved or admitted at the trial that the railroad was built and owned by a corporation chartered by the laws of Massa-

chusetts, called the Newburyport Railroad Company, and at the time of the accident the defendants were operating the railroad, under a lease. The horse in question was owned by the plaintiff, and was kept by him upon an island in the Merrimack River. It had crossed the stream to the adjoining land, owned by one Peabody, through whose land the railroad ran, and passed over this land, and came on to the railroad track, through the fence which was built along the line of the railroad. The question as to whether this fence was defective or not became immaterial, because the presiding judge ruled that the Gen. Sts. *c.* 63, § 43, could not be extended so as to include land owners whose lands did not adjoin the road, and that this horse not belonging to the owner of the adjoining land, but straying through his land upon the road, must be considered as trespassing upon the defendants' road. The plaintiff's counsel admitted this, but contended and offered evidence tending to show that by an exercise of proper care the injury to the horse might have been avoided. The defendants offered evidence to control this, and tending to show that they did all they reasonably could do to stop their train before striking the horse. There was no evidence of any wanton misconduct on their part.

The counsel for the defendants contended and asked the presiding judge to rule, that the defendants would not be liable, unless the plaintiff proved a reckless and wanton misconduct of their employees in the management of the train when the horse was killed. The presiding judge declined so to rule; but did rule that though the horse was trespassing upon the defendants' land at the time, the managers of the train could not carelessly run over him, but were bound to use reasonable care to avoid injuring him, and that if the jury found that by the exercise of reasonable care they might have avoided injuring the horse, they would be liable. The jury found for the plaintiff, and the defendants alleged exceptions.

*C. P. Judd & C. F. Choate*, for the defendants.

*S. J. Thomas*, for the plaintiff. The instructions given were in exact conformity to the language of Chapman, J., in delivering the opinion of the court in *Eames* v. *Salem & Lowell Railroad*, 98 Mass. 560 : " But, though the sheep were there by trespass, this would not authorize the defendants to kill or maim

or otherwise injure them wilfully or carelessly.   Even in driving off animals trespassing upon one's land, reasonable care must be used.   And if they get upon the track, where they may expose passing trains, and the people upon the trains, to great danger, the managers of the trains are still bound to use reasonable care to avoid injuring the animals, and may not carelessly run upon them."   Managers of trains must use such care as is reasonable in the circumstances in which they are placed.   If in their conduct the element of care is wanting, then their conduct is misconduct.   *Carter* v. *Towne*, 98 Mass. 567.   *Corrigan* v. *Union Sugar Refinery*, Ib. 577.   *Rogers* v. *Newburyport Railroad*, 1 Allen, 16. *Stout* v. *Sioux City Railroad*, 2 Dillon, 294; *S. C. nom. Railroad Co.* v. *Stout*, 17 Wall. 657.

GRAY, C. J.  If the horse had been rightfully upon the defendants' land, it would have been their duty to exercise reasonable care to avoid injuring the horse.   But it being admitted by the plaintiff that his horse was trespassing upon the railroad, they did not owe him that duty, and were not liable to him for anything short of a reckless and wanton misconduct of those employed in the management of their train.   The defendants were therefore entitled to the instruction which they requested.   *Tonawanda Railroad* v. *Munger*, 5 Denio, 255 ;  *S. C.* 4 Comst. 349.   *Vandegrift* v. *Rediker*, 2 Zab. 185.   *Railroad Co.* v. *Skinner*, 19 Penn. St. 298.   *Tower* v. *Providence & Worcester Railroad*, 2 R. I. 404.   *Cincinnati, Hamilton & Dayton Railroad* v. *Waterson*, 4 Ohio St. 424.   *Louisville & Frankfort Railroad* v. *Ballard*, 2 Met. (Ky.) 177.

The instruction given to the jury held the defendants to the same obligation to the plaintiff as if his horse had been rightfully on their land ; and made their paramount duty to the public of running the train with proper speed and safety, and their use of the land set apart and fitted for the performance of that duty, subordinate to the care of private interests in property which was upon their track without right.

Some passages in the opinion in *Eames* v. *Salem & Lowell Railroad*, 98 Mass. 560, 563, were relied on by the plaintiff's counsel at the argument, and apparently formed the basis of the rulings of the learned judge in the court below.   But in that case there was no evidence of any negligence or misconduct in the

management of the train, and an exact definition of the defendants' liability, by reason of such negligence or misconduct, was not required. In the present case such a definition was requested by the defendants in appropriate terms, and was refused, and for that refusal their *Exceptions must be sustained.*