DANIEL W. DARLING & another *vs.* BOSTON AND ALBANY
RAILROAD COMPANY.

Worcester.    October 3. — 21, 1876.    COLT & MORTON, JJ., absent.
LORD, J., did not sit.

If a horse is put into a proper pasture by its owner, and escapes thence into a high-
way, and goes upon the track of a railroad corporation at a point at which, although
the corporation is bound to maintain cattle-guards, there are no such guards, and
is there killed by a train of cars, it is.a trespasser, and the corporation is not liable
to the owner of the horse, unless there was reckless and wanton misconduct on the
part of those employed in the management of the train.

In an action against a railroad corporation for killing a horse while unlawfully tres-
passing on the railroad, there was evidence that the train was moving at a usual
and proper rate of speed, and that the engineer did not stop or slacken the speed
of the train to avoid or give way to the horse. *Held,* that there was no evidence
of reckless or wanton misconduct in the management of the train.

TORT for the killing of a horse.    The declaration contained
two counts.    The first count alleged that the horse got upon the
defendant's railroad from a highway, through the defendant's
failure to maintain a suitable barrier or cattle-guard to prevent
the entrance of beasts upon the railroad.    The second count
alleged that the defendant corporation, with its locomotive en-
gine and cars, wilfully, wantonly and maliciously chased, drove
against and killed the horse.    Trial in the Superior Court, be-
fore *Adrich,* J., who allowed a bill of exceptions in substance
as follows :

Upon the first count, the plaintiffs offered evidence tending to
show that the animal in question was a horse about five years
old, which they had bought in February, 1873, of a man who had
a short time previously brought it from another state ; that prior
to June 19, of that year, they had turned it out to pasture in the
daytime, and it had stood quietly and was not breachy ; that
on the evening of the said June 19, they turned it into a ten-acre
lot, adjacent to a town road ; that the lot was fenced entirely
round with a fence in good repair, from four feet to four and
one half feet in height, made part of the way of stone wall, part
of the way of rails and part of the way of stone wall with rails
above ; that in the night the horse escaped from the lot into the
town way by climbing over the stone wall ; that it wandered
along the town road for some distance to a county road, thence

on the county road for some distance further to another town road, and thence along the last mentioned town road to a point where it crossed the defendant's railroad at grade, and thence upon the railroad, where the defendant's train, about four o'clock on the morning of June 20, struck and killed it. The plaintiffs made no pursuit of the horse till eight or nine o'clock in the forenoon, and did not miss it from the pasture till after it was killed.

The plaintiffs' evidence further tended to show that there was no cattle-guard or other barrier, at the point where the horse entered on the railroad, to prevent animals from entering from the town road upon the railroad; that there had formerly been cattle-guards at that point on both sides of the town road, but they had been filled up by the Western Railroad Corporation some ten or twelve years before the accident. The accident happened in the town of Auburn on that part of the defendant's railroad formerly belonging to the Western Railroad Corporation. The town road ran from Auburn to Leicester, in a farming district, and existed before the railroad was built, and was crossed by the railroad diagonally.

The bill of exceptions then stated the entire evidence upon the second count, the nature of which sufficiently appears in the opinion; and proceeded as follows :

The defendant asked the judge to give the following instructions : " 1. There is no evidence to justify a finding in favor of the plaintiffs upon the first count. 2. If the plaintiffs' horse escaped from their pasture and was at large in the highway without a keeper, and from the highway strayed upon the railroad at a crossing, through the want of a suitable cattle-guard, the defendant is not liable. 3. The defendant is not bound to erect barriers or cattle-guards to prevent the entrance upon the railroad of beasts which are at large in the highway without a keeper. 4. The defendant was not bound to maintain a cattle-guard at the crossing, where this horse is alleged to have entered on the road. 6. There is no evidence to justify a verdict for the plaintiffs on the second count."

The defendant also asked the court at the close of the evidence to direct a verdict for the defendant, on the ground that there was no evidence to support a verdict for the plaintiffs.

The judge declined to give the instructions requested, and to direct a verdict for the defendant; and submitted the case to the jury upon the first count, instructing them that, if the horse was not an unruly one and was a suitable horse to be placed in the pasture, where it was put by the plaintiffs, and it escaped therefrom into the highway without any fault of the plaintiffs, and went upon the railroad through the fault of the defendant in failing to maintain a cattle-guard where it was bound by law to do so, the plaintiffs could recover. But if the horse escaped from the pasture through the fault or negligence of the plaintiffs into the highway, and strayed from the highway upon the railroad, the plaintiffs could not maintain their action.

The judge also ruled that the defendant was bound by law to construct and maintain sufficient barriers at such places as might be necessary, and where it was practicable so to do, to prevent the entrance of cattle upon the road, and submitted to the jury the question whether it was necessary and practicable to construct and maintain a cattle-guard at the point where the horse was alleged to have entered on the railroad, with instructions as to the meaning of the terms " necessary " and " practicable " not excepted to; and further instructed the jury that the defendant corporation was not bound to maintain barriers or cattle-guards to prevent the entrance upon the railroad of beasts permitted by their owners to be at large on the highway without keepers, or which are at large upon the highway by the fault or negligence of the owners.

Upon the second count, the judge submitted the question of the defendant's liability to the jury, and instructed them that if the agents of the defendant ran over and killed the horse through wanton and reckless misconduct in running the train, the defendant would be liable, however the horse came upon the track; and, upon the meaning of the phrase " wanton and reckless misconduct," instructed the jury that the agents managing the train must have intended to run the train upon the horse, or have intended so to run the train as necessarily to produce that result with a reckless disregard of consequences. To this definition of the meaning of the terms the defendant did not except.

The jury returned a verdict for the plaintiffs upon both counts and the defendant alleged exceptions.

*F. P. Goulding*, for the defendant.

*G. F. Verry & G. Swan*, for the plaintiffs.

GRAY, C. J. The jury should have been instructed to return a verdict for the defendant. The horse, being an estray unlawfully at large on the highway, was a trespasser on the defendant's railroad, and the defendant owed no duty to the plaintiffs, and was not liable to them, either for a neglect to maintain the fences required by law, or for the striking of the horse by the engine, unless there was reckless and wanton misconduct on the part of those employed in the management of the train. There was no proof of such misconduct. The evidence, viewed as favorably as possible for the plaintiffs, merely showed that the train was moving at a usual and proper rate of speed, and that the engineer did not stop or slacken the train, in order to avoid or give way to an animal which was unlawfully on the railroad. That he was not bound to do. *Eames* v. *Salem & Lowell Railroad*, 98 Mass. 560. *Maynard* v. *Boston & Maine Railroad*, 115 Mass. 458. *McDonnell* v. *Pittsfield & North Adams Railroad*, 115 Mass. 564. *Exceptions sustained.*