VALENTINE AMSTEIN *vs.* G. C. GARDNER.

Franklin. Sept. 21, 1881. — Jan. 5, 1882. LORD & DEVENS, JJ., absent.

If a horse, while passing along a highway in the care of a keeper, escapes from the control of the keeper without his fault, and, after running fifty rods while pursued by the keeper, enters upon the tracks of a railroad corporation from the highway, at a point where there are no barriers, and is there injured, a ruling that the horse was unlawfully in the highway when he entered upon the railroad is erroneous.

TORT against the manager of the Troy & Greenfield Railroad and Hoosac Tunnel, for injuries occasioned to the plaintiff's horse by falling into the openings between the ties of a bridge in Buckland over which the railroad passed. Trial in the Superior Court, without a jury, before *Dewey*, J., who reported the case for the determination of this court, in substance as follows:

It was proved or agreed that on March 29, 1880, the plaintiff's horse, while being led along a highway in Buckland, by a competent person in the exercise of ordinary care, escaped and ran along several highways, about fifty rods, and entered upon land of the railroad corporation above named, at a point not fenced nor provided with any obstruction or barrier to prevent the entrance of cattle upon the railroad; that the horse proceeded along the tracks of the railroad until he came to a bridge over which the tracks were laid, and, entering on the bridge, broke his legs between the ties, and was rendered worthless; and that the keeper of the horse pursued him and used ordinary diligence

to recover control of him, but was unable to do so before the horse entered upon the bridge and was injured.

The plaintiff claimed to recover, because the defendant, being responsible for the proper management of the railroad, had neglected to provide a fence, or other obstruction or barrier sufficient to prevent the entrance of cattle on the railroad at the point where the horse entered from the highway.

Upon these facts, the defendant asked the judge to rule that the horse, being unlawfully in the highway when he entered upon the railroad, became a trespasser thereon; and that therefore the defendant was not liable to the plaintiff, either for neglect to maintain the fences, obstructions and barriers required by law, or for any other cause in the premises. The judge so ruled; and ordered judgment for the defendant. If the ruling was erroneous, the judgment was to be set aside and a new trial ordered; otherwise, judgment for the defendant.

*H. Winn*, for the plaintiff.

*C. Delano*, for the defendant.

ALLEN, J. This case is to be distinguished from *Darling* v. *Boston & Albany Railroad*, 121 Mass. 118. In that case, the horse entered upon the highway by straying from his owner's enclosure in the night, and strayed upon the highway until he entered upon the defendant's railroad. He had no keeper, and there was no attempt to reclaim him. He was at no time making any lawful use of the highway, and was clearly liable to be distrained and impounded as an estray. In the case at bar, the horse was lawfully passing along the highway in the care of a keeper, and casually escaped, without the fault of the keeper, who did not abandon his possession, nor give up the attempt to regain it, but was in fresh pursuit. We do not think that these facts, with the further fact stated in the exceptions, that the horse ran fifty rods while pursued by his keeper, nor any facts as to actual loss of control of the horse or the improbability of regaining it which can be inferred from them, justify the ruling, as matter of law, that the horse was an estray, unlawfully in the highway. The case is like that of cattle driven on the highway, in which it is settled that the owner of unfenced lands adjoining a highway can have no action on account of cattle which, being properly driven on the highway, casually escape

into his land. Cattle properly driven in the highway, and casually escaping there, are not unlawfully in the highway as to such owners. Chief Justice Richardson, in *Mills* v. *Stark*, 4 N. H. 512, states the rule as follows: "A man has a right to drive his cattle along the public highways, and if in exercising this right he use ordinary care and diligence and the cattle escape into the adjoining enclosures without his fault, he is not liable for any damage they may do." In such case, the animal lawfully passing on the highway in care of a keeper, and restrained by appropriate means, breaks away from its restraint, and is for the time in the highway without the control of its keeper. If the keeper is not in fault, the act is caused by the nature of the animal, and is incident to the lawful use of the highway, and does not change the character of that use. Whether the character of the use has become changed on any particular occasion, and become unlawful, and the animal an estray, must depend upon the particular facts in the case. *Hartford* v. *Brady*, 114 Mass. 466, 468, and cases cited. *Stackpole* v. *Healy*, 16 Mass. 33, and cases cited. *Goodwyn* v. *Cheveley*, 4 H. & N. 631.

As the court ruled that, upon the facts stated, the horse was unlawfully in the highway, there must be a          *New trial.*