## DAVIDSON   v.   THE   CENTRAL   IOWA   RAILWAY COMPANY.

1.   **Railroads:** INJURY TO STOCK ON RIGHT OF WAY : NEGLIGENCE : EVIDENCE.   Plaintiff was driving his colts along and upon the fenced right of way of defendant's road, when some of them were killed by an approaching train.   *Held* that he was guilty of palpable negligence, and that he could not recover in the absence of a showing that defendant's employes were guilty of negligence in not avoiding the injury after discovering the danger.

2.   —— : —— : SUFFICIENCY OF FENCE.   Plaintiff drove his cattle along and upon the fenced right of way of defendant's road, and took down the wires of the fence by unwrapping them from a post at which they all ended, and turned the cattle for the night into an adjacent lot where there was no pasture, and again wound the wires around the posts.   That night the cattle re-entered the right of way at that place, and ten of them were killed by a passing train without negligence on the part of those in charge of it.   The defendant's employes had, on the day before the cattle were turned in, found the wires unwound from the post at the same place, and securely fixed them, so that they could not be unwound by cattle ; but on the morning after the accident they were found unwound, and pushed aside.   *Held* that a verdict for the plaintiff could not be sustained on the ground that defendant was negligent in regard to the condition of the fence, nor on the ground that the trainmen were negligent in not sooner discovering the danger and avoiding the injury.

3.   **Negligence:** PLEADING : EVIDENCE.   Where a recovery is sought on the ground of certain negligence described in the petition, evidence of negligence in some other respect is properly excluded.

4.   **Railroads:** INJURY TO CATTLE ON TRACK : CARE OF ENGINEER : INSTRUCTION : VERDICT.   In an action for killing cattle on defendant's track, the court instructed that the defendant would be liable if the engineer, " in the exercise of ordinary care, could and should have prevented said accident after he actually saw the cattle on the track."   The jury specially found that the engineer " might have seen the cattle sooner."   *Held* that, with no other evidence of negligence on defendant's part, a verdict for plaintiff was contrary to said instruction, and could not be sustained.

*Appeal from   Henry   District   Court.*—HON.   H.   C. TRAVERSE, Judge.

FILED, SEPTEMBER 5, 1888.

THIS is an action at law to recover damages for killing and injuring certain live stock by trains operated by employes of defendant. There was a verdict and judgment for plaintiff, and defendant appeals.

*Anthony C. Daly*, for appellant.

*Woolson & Babb*, for appellee.

ROTHROCK, J.—I. The plaintiff is the owner of a farm of six hundred and forty acres, upon which he keeps a large number of cattle and other live stock. The railroad of the defendant runs through the farm, and the right of way is fenced with posts and barbed wire. There are three private farm-crossings over the railroad; that is, there are three places where gates are erected on each side of the right of way, for the passage of live stock across the track, and for other purposes. The plaintiff claims that, by reason of a defect in the railroad fence, a calf owned by him came upon the track and was killed by a passing train, and that at another time, for the same reason, some of his sucking pigs escaped through the fence and were killed in like manner. The jury found the defendant liable for these casualties, and we do not discover that the defendant was prejudiced by any rulings in regard to these causes of action.

II. In another count in the petition the plaintiff claimed damages for the killing of two colts, not by reason of the want of a fence, but because of the alleged negligence of the defendant in operating the train which caused the injury. The colts did not go upon the railroad track by reason of the want of a fence. The fact is that the plaintiff opened one of the gates at a crossing and left the opposite gate closed, and drove the colts on the right of way, intending to drive them along the right of way to another crossing, and there turn them off the railroad into a field. When he had driven the animals upon the right of way, he discovered a freight train approaching, which ran down upon the colts, and ran

*1. RAILROADS: injury to stock on right of way: negligence: evidence.*

them into a cattle-guard. The act of negligence which he claims renders the defendant liable is, that the employes of the train did not, after they discovered the colts on the track, use proper efforts to avoid the injury. The bare statement of the fact that the plaintiff drove his colts on the track, not for the purpose of crossing over the railroad, but to drive them along inside the right-of-way fences, shows that he was guilty of most culpable negligence. His sole right to recover is based upon the fact that, notwithstanding his negligence, the men in charge of the train ought to have so managed it, after they discovered the danger, as to have saved the colts from injury. There is a dispute in the abstracts as to the evidence, and an examination of the whole record in the case convinces us that the employes in charge of the train did everything that could reasonably be required of them in the premises. Indeed, we feel well satisfied that there was no warrant in the evidence for finding them guilty of negligence in any respect. We do not deem it necessary to set out the evidence here, but content ourselves with the statement that the verdict upon this cause of action is without support in the evidence.

III. In another cause of action in the petition the plaintiff claimed damages for killing ten cattle, and injuring three others. There are two counts in the petition in reference to these cattle. One bases the right of recovery on the alleged negligence of defendant's employes in operating the train, and single damages are claimed. The other count bases the right of recovery upon the failure of the defendant to properly fence where it had the right to fence, and double damages are claimed under the stataute. The facts in reference to this cause of action are, that on August 5, 1886, the plaintiff had about one hundred head of cattle, horses and colts pasturing in a field south of the railroad. In the evening of that day he took these cattle, horses and colts to the north side of the railroad to a forty-acre field, which had recently been mowed, and in

2. ——:——: sufficiency of fence.

which there was no pasture, in order that they might get water. He opened the south gate of one of the crossings, and, instead of taking the stock over the track and through the north gate, he drove them a little west, and made an opening in the barbed-wire railroad fence at the corner of the forty-acre field, and drove the stock through the opening. There were four wires in the fence, and at the place where the plaintiff made the opening, the posts were about one rod apart. It appears that all of the four wires ended at one of the posts, and the ends were wound around the post and then round the wire. The plaintiff succeeded in making the opening by unwinding the wire. He claims that, after the stock passed through, he wound the wire around the post just as it was before. But the fact remains that some time in the night the stock passed through and upon the track at that place, and early on the next morning a passenger train, running at great speed, ran into the herd, and killed ten cattle, and injured three others. It appears from the evidence that some one opened the fence at the same place on the day before the plaintiff drove his stock through the fence. The evidence is undisputed, and consists of the positive statement of several witnesses, that on the evening of August 4, the fence was open at that place, and that it was safely and securely repaired by the defendant's section-men ; and the evidence is equally clear that no stock had ever before this come upon the track at the place where the opening was made. The plaintiff claimed that his cattle escaped from the forty-acre field by reason of the defendant's failure to keep up and maintain a proper fence. The above-recited undisputed facts would rather indicate that if the plaintiff had not made the opening in the fence the accident would not have happened. The plaintiff offered to prove that the opening of the fence

3. NEGLIGENCE : pleading : evidence. was a necessity, because there was a ditch between the railroad track and the north gate, which rendered the crossing defective, and that it was impossible to cross the track at that point. But he did not claim in his petition that the

defendant was chargeable with any negligence in this respect, and the court very properly held that the offered evidence was inadmissible under the issues. The plaintiff did not amend his petition, but proceeded with the trial, and the condition of the crossing was not a material question in the case. We do not hold that one may not, under some circumstances, make an opening in a fence upon a railroad line. There may be facts which will justify such an act upon the ground of necessity. No such state of facts appears from the record in this case, and, in view of the fact that the stock was turned into a place where there was no pasture, and that they went upon the track at the very place where the opening had been made in the fence, and in view of other evidence tending to show that plaintiff had opened the fence at the same place, and left it open, on the fourth of August, there was much ground for finding that the cattle did not come upon the track by reason of any negligence of the defendant in failing to keep up and maintain a sufficient fence. The plaintiff, so far as this record shows, had no right to take down the fence. He claims that it was insufficient; that the wires were not properly spaced; that the lower wire was thirty to thirty-two inches from the ground; and that he put the wires back just as he found them. As he opened the fence when he had no right to do so, he ought to be held responsible for leaving it with the lower wire thirty inches from the ground. On the morning the cattle were killed the lower wires were found not broken, but unwrapped from the post, and pushed aside so as to allow the cattle to pass through. As they were fastened on the evening of the fourth of August, it was a physical impossibility for the cattle to have unwrapped the wire from the post by any pressure upon it, and it follows that the fence could not have been in the same condition it was before the plaintiff meddled with it. We think the verdict cannot be sustained upon the ground of the alleged negligence of the defendant with reference to the condition of the fence; and it cannot be

sustained upon the ground that the trainmen were negligent in running the train after they discovered the cattle upon the track. The evidence shows without conflict that there was no such negligence, and the jury so found in answer to a special interrogatory. 4. RAILROADS: injury to cattle on track: care of engineer: instruction: verdict. It is true that, in addition to an answer to the interrogatory, the jury found that the engineer "might have seen the cattle sooner." Whether this was regarded by the jury as a reason why there should be a verdict for the plaintiff, we cannot determine. If it was so considered, it was contrary to the instructions of the court, by which the jury were explicitly directed that the defendant would be liable if the engineer, "in the exercise of ordinary care, could and should have prevented said accident after he actually saw the cattle on the track." The jury had no right, under this instruction, to wander into the field of inquiry as to what the engineer might have seen.

The jury found specially that the calf and pigs were of the value of fourteen dollars. We find no error as to these claims. The cause will be reversed as to the other claims, and remanded for a new trial. If plaintiff so elects, a judgment may be entered in the court below for the claims for the calf and pigs; the question of costs of the former trial to be determined by the district court.

REVERSED.