## A. E. RUSSELL *vs.* MAINE CENTRAL RAILROAD COMPANY.

### Androscoggin.    Opinion October 3, 1905.

*Railroads.    Duty to fence.    Horse on Track.    Duty of Employees.    Liability for Injury.    Evidence.    R. S., c. 52, § 26.*

A railroad company owes no duty of fencing its road as to the owner of a horse being pastured in the pasture of a third person, which does not join the railroad location, even if the owner has a right to lead the horse over the land between the pasture and the railroad.

Where the horse was an estray, unlawfully at large, and a trespasser upon a railroad track, the railroad company did not owe the owner of the horse the duty of exercising reasonable care to avoid injuring the horse. It owed no duty except the negative one that it should not wantonly injure the horse. Its servants were not bound to be on the lookout lest they should run into a trespassing horse. They were not bound to use any care with respect to the horse unless they knew the horse was on the track before them.

In such case, the railroad company is not liable to the owner of the horse, unless it appears that there was reckless and wanton misconduct on the part of its servants in the management of the train, after the horse was known by them to be on the track, and that such misconduct caused the death of the horse. The burden of showing this is on the owner of the horse.

In the opinion of the court, the circumstances relied upon by the plaintiff entirely fail to prove that the defendant's engineer had knowledge that the horse was on the track, and therefore that his conduct in running down the horse was reckless and wanton. They raise a conjecture, but do not amount to proof. The facts ascertained are too uncertain to warrant the inference which the jury drew.

On motion by defendant.    Sustained.

Action on the case to recover the value of a horse killed by the defendant company's freight train.    Plea, the general issue.    Tried at the April term, 1905, of the Supreme Judicial Court, Androscoggin County.    Verdict for plaintiff for $157.29.    Defendant then filed a general motion to have the verdict set aside.

The case is stated in the opinion.

*McGillicuddy & Morey,* for plaintiff.

*White & Carter,* for defendant.

SITTING:   EMERY, STROUT, SAVAGE, POWERS, PEABODY, SPEAR, JJ.

SAVAGE, J.   The plaintiff sues to recover the value of a horse killed by the defendant's freight train.   The horse was being kept for hire in the pasture of a third party.   Between the pasture and the railroad location was a field, owned by the same party, through which the plaintiff 'had a right to lead the horse to and from the pasture, but in which he had no right to turn it loose.   The horse broke out of the pasture in the night time, crossed the field and went on to the railroad track, at a place adjoining the field, where there was no fence.   It followed the track for nearly two miles, when it was overtaken by the train and killed.   The plaintiff's declaration counts on the failure of the defendant to maintain a suitable, legal and sufficient fence along its way adjoining the land used for pasturing.   R. S., ch. 52, sect. 26.   But the proof in this respect fails, because the pasture where the plaintiff pastured his horse, and where only he had a right to pasture it, did not adjoin the railroad location.   Under such circumstances the defendant owed no duty to the plaintiff to fence its road.   *Byrnes* v. *B. & M. R. R.*, 181 Mass. 322.   Though the owner might lawfully lead his horse across the land between the pasture and the railroad location, he had no right to let the horse go at large across it.   And if he did so, the horse was an estray, out of the pasture, and the railroad owed no duty of fencing against the horse so situated.

In his declaration the plaintiff also alleges that the defendant negligently run its locomotive upon the horse, then upon the railroad track, for want of a sufficient fence to prevent it, and upon this ground alone the plaintiff seeks to retain his verdict.   Waiving the question whether the declaration as a whole sufficiently sets forth a claim of negligence by the defendant in operating its locomotive and train, we proceed to inquire whether there is sufficient evidence in the record to warrant a jury in finding that the defendant was negligent in this respect.

The plaintiff's horse was an estray, unlawfully at large, and a trespasser upon the defendant's railroad track.   The defendant did

not owe to the plaintiff the duty of exercising reasonable care to avoid injuring the horse, as would have been the case if the horse had been lawfully upon the track. It owed no duty except the negative one that it should not wantonly injure the horse. That is the only duty owed to a licensee. *Dixon* v. *Swift*, 98 Maine, 207. No more is owed to a trespasser. *Maynard* v. *B. & M. R. R.*, 115 Mass. 458. The servants of the defendant were not bound to be on the lookout lest they should run onto a trespassing horse. *Davis* v. *B. & M. R. R.*, 70 N. H. 519. They were not bound to use any care with respect to the horse unless they knew the horse was on the track before them. The defendant is not liable to the owner of the horse, unless it appears that there was reckless and wanton misconduct on the part of the defendant's employes in the management of the train, after the horse was known to them to be on the track, and that such misconduct caused the death of the horse. The burden of showing this is on the plaintiff. *Darling* v. *B. & A. R. R. Co.*, 121 Mass. 118; *Chenery* v. *Fitchburg R. R.*, 160 Mass. 211; *Frost* v. *Railroad*, 64 N. H. 220; *Railroad* v. *Godfrey*, 71 Ill. 500.

The train, consisting of thirty-six freight cars, appears to have been moving at a usual and proper rate of speed. It was midnight. There was a nearly full moon. The defendant says the night was cloudy. But this is denied by the plaintiff. We assume that the latter is correct. The head light on the locomotive lighted the track ahead for about one hundred and fifty feet. The engineer testifies that he did not see the horse until it came within the light of the head light, and that he then shut the steam off and blew the whistle. But it was too late to avoid the accident.

On the other hand, the plaintiff shows from the appearance of the tracks of the horse, that it was "on the run" from three-quarters of a mile to a mile before it was struck by the locomotive. It is argued that the horse was frightened by the approach of the train and ran that distance in front of it. It is claimed that the engineer must have seen it, and therefore that it was wanton and reckless conduct in him not to stop the train or slacken its speed before the collision. But we do not think the evidence warrants such a conclusion. We have conjecture, not proof. No one knows, so far as the

case shows, how far ahead the horse was when it was startled into a run by the noise of the approaching train. It is purely conjectural how far ahead of the train the horse ran, until he came to a place where the track crossed over a brook, where the plaintiff claims he was stopped by the brook, and where he was killed. The train was moving at a speed of twenty miles an hour. The horse, as the owner testifies, could "pull a wagon at a 2:40 gait." The horse might for awhile at least keep well ahead of the locomotive. It may be that the horse was near enough to be seen all the time, even by moonlight, and it may be that he was not. To say, upon the evidence, that he was, would be to substitute guess work for proof. It may be that the engineer could have seen the horse if he had looked. It is not enough to show merely that he might have seen. It must be shown that he did see,—for unless he saw, there was no reckless or wanton misconduct on his part. While the circumstances surrounding a man may be such, in some cases, as to warrant reasonable men in believing, in spite of his denial, that he saw some object in question, we do not think the circumstances in this case warrant the finding that the engineer actually saw the horse in season to prevent the accident. See *McTaggart* v. *Maine Central R. R. Co.*, 100 Maine, 223. Jurors may draw legitimate inferences from ascertained facts. But here the facts ascertained are too uncertain to warrant an inference. They are not such as to lead a reasoning mind to a definite conclusion. In other words, they fail to prove.

*Motion for a new trial sustained.*