EDDY *et al.* v. LAFAYETTE *et al.*

*(Circuit Court of Appeals, Eighth Circuit.  February 15, 1892.)*

1. RAILROAD COMPANIES—KILLING STOCK—PRESUMPTION OF NEGLIGENCE.
    In the absence of a statutory rule to that effect, the law does not presume negligence from the fact alone that stock was injured or killed by a railroad company.
2. SAME—LAWS IN INDIAN TERRITORY.
    The statute of Arkansas, which changed the common-law rule by providing that the mere fact of injury or killing of stock by a railroad company shall be *prima facie* evidence of negligence, was not put in force in the Indian Territory by Act Cong. May 2, 1890, § 31, (26 St. p. 81.)

In Error to the United States Court in the Indian Territory.

Action by Ben F. Lafayette and Moses Lafayette against George A. Eddy and H. C. Cross, as receivers of the Missouri, Kansas & Texas Railway Company, to recover for stock killed on defendants' railroad. Verdict and judgment for plaintiffs. Defendants brought this writ of error. Reversed.

*Clifford L. Jackson*, for plaintiffs in error.

*W. T. Hutchings*, for defendants in error.

Before CALDWELL, Circuit Judge, and SHIRAS and THAYER, District Judges.

CALDWELL, Circuit Judge. This action was commenced in the United States court for the Indian Territory by the defendants in error, who were the plaintiffs below, against the plaintiffs in error, to recover damages for a mule alleged to have been killed through the negligent operation of the locomotive and cars of the Missouri, Kansas & Texas Railway Company by the plaintiffs in error, as receivers of the road. There was a trial in that court before a jury, and a verdict and judgment for the plaintiffs for $160, and the defendant sued out this writ of error. Upon the trial the court below gave the following among other instructions to the jury:

"Heretofore the ruling of this court has been that the only duty which a railroad company owed to the owner of stock killed upon its track was that the engineer in charge of the train at the time should use ordinary or reasonable care, after the stock should have been discovered by him, to prevent injury to such stock, and, this being shown, relieved the company from all liability. To this I still hold. But I have also held that the *onus* of proving the want of ordinary care on the part of the railroad company was on the plaintiff; that is, that the burden of establishing negligence was on the plaintiff, and that the fact of the killing was not *prima facie* evidence of negligence. On the further consideration of the act of congress establishing this court, and duly considering the decisions of the supreme courts of both the United States and of the state of Arkansas, also the modern writers of acknowledged authority, I have determined to change my ruling on the question involved. I shall now hold the law to be that the fact of injury, when proved, shall be *prima facie* evidence of negligence, but that this presumption may be rebutted by proof of care."

After citing authorities in support of this view of the law, and offering the defendants an opportunity to rebut the *prima facie* case of negligence arising, as the court held, from the fact of killing, an offer of which the defendants declined to avail themselves, the court instructed the jury:

"That if the jury shall believe from the evidence that the plaintiff was the owner of the stock mentioned and described in the complaint, and that the same, or any part thereof, was killed by the railroad trains of the defendants, then they should find for the plaintiff, and assess his damages at the fair cash market value of the stock so killed."

The giving of this instruction is assigned for error. In the absence of a statutory rule to that effect, the law does not presume negligence from the fact alone that the animal was injured or killed by the railroad company. The general, but not quite uniform, doctrine of the authorities, in the absence of a statute, is that the plaintiff must show that the railroad company was negligent, and that the law will not presume, and the jury is not authorized to infer, negligence from the fact of killing alone. *Volkman* v. *Railway Co.*, (Dak.) 37 N. W. Rep. 731; *Eaton* v. *Navigation Co.*, (Or.) 24 Pac. Rep. 415; 1 Redf. R. R. § 126; Pierce, R. R. 428; 3 Wood, Ry. Law, § 417; 11 Ror. R. R. 1389; 1 Thomp. Neg. p. 512, § 15; 2 Shear. & R. Neg. § 419; Deer. Neg. § 298; Whart. Neg. § 899; *Railway Co.* v. *Wendt*, 12 Neb. 76, 10 N. W. Rep.

456; *Milburn* v. *Railway Co.*, 86 Mo. 104; *Railway Co.* v. *Geiger*, 21 Fla. 669; *Railway Co.* v. *Bolson*, (Kan.) 14 Pac. Rep. 5; *Walsh* v. *Railroad Co.*, 8 Nev. 111; *Railway Co.* v. *Betts*, (Colo. Sup.) 15 Pac. Rep. 821; *Railway Co.* v. *Heiskell*, 13 Amer. & Eng. R. Cas. 555; *Railroad Co.* v. *McMillan*, 37 Ohio St. 554; *Railway Co.* v. *Henderson*, (Colo. Sup.) 13 Pac. Rep. 910.

In reference to stock injured or killed by railroad companies upon their tracks, several of the states have passed statutes imposing more extensive duties and liabilities on the companies than was imposed by the common law. Some of the states have enacted statutes making proof that an animal was injured or killed by a railroad company *prima facie* evidence of negligence on the part of the company. A statute in Arkansas is construed by the supreme court of that state to have this effect. The court said:

"The true construction of the act in question is that, the killing being shown or confessed, the presumption is that it was done by the train, and that it resulted from want of care. At common law, the *onus* of proving these facts was on the plaintiff." *Railroad Co.* v. *Payne*, 33 Ark. 816, 824.

But the statute of Arkansas, here referred to, was not among those put in force in the Indian Territory by the act of congress. It will be observed that the rule in that state, that, the killing being shown, the law presumes that it resulted from negligence on the part of the railroad company, is grounded on a statute, and that the court declares that at common law the *onus* of proving the negligence was on the plaintiff. The plaintiff must prove the negligence as well as the killing; but, as we pointed out in the case of *Railway Co.* v. *Washington*, 49 Fed. Rep. 347, (at the present term,) these facts may be proved by circumstantial evidence, and, as is there shown, it is not such a difficult task as counsel seem to suppose to prove facts and circumstances from which a jury might rightfully infer both the killing and the negligence. But in that territory the inference in such cases is not one of law, but of fact, to be drawn by the jury from all the evidence in the case. The judgment of the court below is reversed, and the cause remanded, with instructions to grant a new trial.