## ST. LOUIS & S. F. R. CO. v. McCLELLAND.

No. 2167.   Opinion Filed November 26, 1912.

Rehearing Denied January 7, 1913.

(128 Pac. 1081.)

RAILROADS—Killing Animals—Trial—Direction of Verdict.  In an action against a railroad company for the negligent killing of stock, where the plaintiff's right of recovery depends upon defendant's negligence, and where there is no evidence tending to prove negligence, and no circumstance from which negligence might be reasonably inferred, it is the duty of the court to direct a verdict in favor of defendant.

(Syllabus by Harrison, C.)

*Error from District Court, Rogers County;*
*W. P. Thompson, Special Judge.*

Action by W. P. McClelland against the St. Louis & San Francisco Railroad Company. Judgment for plaintiff, and defendant brings error. Reversed.

*W. F. Evans, R. A. Kleinschmidt, F. E. Suits,* and *J. I. Howard,* for plaintiff in error.

*Walter W. Shaw,* for defendant in error.

Opinion by HARRISON, C.  This action was originally begun in the United States Court of the Northern District of the Indian Territory, and after statehood transferred to the district court of Rogers county. The plaintiff alleged that he was the

owner of a certain horse; that said horse was killed by an engine running on the line of defendant company; that said killing was caused by the carelessness and negligence of the company; that said horse was worth $150, and asked judgment for said amount. The testimony showed that one Robert Marvin, in company with two young ladies, was driving along the road running parallel with, and something like 50 to 100 feet from, the railroad track. That in driving along the buggy road the off horse, or right-hand horse, which was on the side next to the track, became frightened at a log lying between the buggy road and the railroad; so badly frightened that he dashed ahead of the other horse, turned himself out of the buggy tugs, and turned his head toward the buggy. In doing so the lines were pulled into such condition as to render it impossible for the driver to guide or control them. When the horse turned his head toward the buggy, he could see the log at which he had taken fright, and, becoming more frightened, began backing off, taking the other horse and the buggy with him toward the railroad track. In the meantime the passenger train was coming along the track from the opposite direction to which the driver had been traveling. The evidence showed that the track was but little elevated above the ground on either side, and that, just as the train was passing, the frightened horse, still struggling in the harness, suddenly backed onto the track, just in time to be immediately struck and knocked off by the engine. The testimony of the driver was that the horse was struck immediately after he backed onto the track; that he was so badly injured that it was necessary to kill him to relieve his suffering; that the train stopped within a few yards after striking him. The testimony of the driver, Marvin, was all the evidence introduced as to how the injury occurred. The plaintiff testified as to the value of the horse, but there was no other evidence whatever, except that of the driver, as to how the accident occurred. There was no attempt to show any carelessness or negligence on the part of those operating the train; no attempt to show any lack of the exercise of due care on the part of such operators; and absolutely no evidence whatever which would warrant a reasonable inference that the agents

of the railroad company were guilty of any carelessness or negligence or had failed to exercise ordinary care under the circumstances.

The plaintiff's right of·recovery depended solely upon the negligence of defendant. This he failed to show; in fact, made no attempt to show; nor did he complain of any act or acts of negligence aside from the fact that, when the horse backed onto the track, it was struck by the engine. This of itself, in our judgment, was insufficient to warrant an inference of negligence. In *Eddy et al. v. Layfette,* 49 Fed. 798, 1 C. C. A. 432, it was held:

"In the absence of a statutory rule to that effect, the law does not presume negligence from the fact alone that the stock was injured or killed by a railroad company. . The statute of Arkansas, which changed the common-law· rule by providing that the mere fact of injury or killing of stock by a railroad company shall be *prima facie* evidence of negligence, was not put in force in the Indian Territory by Act of Congress, May 2, 1890."

In *C., R. I. & P. Ry. Co. v. Huggins,* decided by the Court of Appeals of the Indian Territory, and reported in 4 Ind. T. 194, 69 S. W. 845, it was held:

"In order that plaintiff may recover in this kind of an action, there must not only be proof of the killing of the stock, but that the killing resulted from the lack of ordinary care on the part of the servants of the railway company. If there is no negligence, there is no liability. Proof of the killing of the stock is not sufficient. The plaintiff must go further; he must aver and prove negligence on the part of the railroad company. The burden of proof is on him who complains of negligence." (Pollock on Torts, 545.)

And in the absence of any evidence tending to prove negligence, and the absence of any circumstances from which negligence might be reasonably inferred, it is the plain duty of the court to direct a verdict in favor of the defendant. The following cases decided by our own court support this doctrine: *Baker v. Nichols & S. Co.,* 10 Okla. 685, 65 Pac. 100; *Richardson v. Fellner,* 9 Okla. 513, 60 Pac. 270; *Edmisson v. Drumm-Flato Co.,* 13 Okla. 440, 73 Pac. 958; *Cooper v. Flesner,* 24 Okla.

576 SUPREME COURT OF OKLAHOMA.

47, 103 Pac. 1016, 23 L. R. A. (N. S.) 1180, 20 Ann. Cas. 29; *A., T. & S. F. Ry. Co. v. Henderson*, 27 Okla. 560, 112 Pac. 986; *St. L. & S. F. R. Co. v. Webb, ante*, 128 Pac. 252.

In view of these authorities, and in view of the total absence of any testimony tending to show negligence on the part of the defendant in the case at bar, it was error for the court to render judgment in favor of plaintiff.

The judgment should, therefore, be reversed.

By the Court: It is so ordered.