## ATCHISON, T. & S. F. RY. CO. v. DAVIS & YOUNG.

No. 429. Opinion Filed May 10, 1910.

(109 Pac. 551.)

1.   **RAILROADS—Animals on Track — Care Required.** The plaintiffs' mules having trespassed upon the railroad track of defendant without any actual fault on the part of said plaintiffs, after the presence and peril of the mules were known to it the obligation rested upon it to exercise ordinary care in the management of its trains to prevent injury to such mules.

2.   **EVIDENCE — Presumptions — Failure to Introduce Evidence.** When it is reasonably within the power of a party to offer evidence upon the facts and rebut the inferences which the circumstances tend to establish against him, and he fails to offer such proof to rebut same, the natural conclusion is that the proof, if produced, would support the inferences against him, and the jury is justified in acting upon that conclusion.

(Syllabus by the Court.)

*Error from District Court, Noble County; B. T. Hainer, Judge.*

Action by Davis & Young against the Atchison, Topeka & Santa Fe Railway Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

*Cottingham & Bledsoe* and *C. H. Woods,* for plaintiff in eror.—Citing: *Gilbert v. Stephens,* 6 Okla. 673; *McCook v. Bryan,* 4 Okla. 488; *Railroad Co. v. Hummell,* 44 Pa. St. 378; *Maynard v. Railroad Co.,* 115 Mass. 460; *Darling v. Railroad Co.,* 121 Mass. 118; *Railroad Co. v. Munger,* 5 Denio. (N. Y.) 255; *Price v. Transportation Co.,* 31 N. J. L. 229; *Price v. Railroad Co.,* 32 N. J. L. 19; *Railway Co. v. Fisher,* 27 Ind. 96; *Railroad Co. v. Reedy,* 17 Ill. 582; *Railroad Co. v. Patchin,* 16 Ill. 203; *Railroad Co. v. Lea,* 20 Kan. 353; *Railroad Co. v. McHenry,* 24 Kan. 501; *Railroad Co. v. Landis,* 24 Kan. 406; *Gibson v. Railway Co.* (Iowa) 113 N. W. 927; *A., T. & S. F. Ry. Co. v. Yates,* 21 Kan. 613; *A., T. & S. F Ry Co. v. Hegwir,* 21 Kan. 622; *Railway Company v. Stacey* (Miss.) 35 South. 137; *Railway Company v. Roberst* (Colo.) 84 Pac. 68; *Cummings v. Railway Company* (N. D.) 108 N. W. 798; *Southern Ry. Co. v. Cook* (Ga.) 49 S. E. 287; *Railway Company v. Revis* (Ga.) 46 S. E. 418.

*Henry S. Johnston* and *P. W. Cress,* for defendants in error. —Citing: *Railway Co. v. Davis* (Kan.) 3 Pac. 301; 16 A. & E. Enc. L. pp. 478, 480; 23 A. & E. Enc. L. p. 751; *Railway Co. v. Eliott,* 22 Ohio St. 577; *Orcutt v. Railway Co.,* 24 Pac. 661; *Wooster v. Railway Co.,* 38 N. W. 425; *Pickett v. Railroad Co.,* 117 N. C. 616; *Lloyd v. Railroad Co.,* 118 N. C. 1010; *Sutgin v Railway Co.,* 63 N. W. 709; *Cassidy v. Ry. & Nav. Co.,* 13 Pac. 438; *Railway Co. v. White,* 2 Ind. Ter. 23; *Railway Co. v. Farrington,* 1 Ind. Ter. 648; *Balcom v. Railroad Co.,* 21 Iowa, 103; *Railroad Co. v. Finley,* 37 Ark. 569; *Serles v. Railroad Co.,* 35 Iowa, 491; *Blaine v. Railroad Co.,* 9 W. Va. 253; *Railroad Co. v. Mulligan,* 45 Md. 493; *Trow v. Railroad Co.,* 24 Vt. 494; *Davies v. Mann,* 10 Mees. & W. 546; *Tuff v. Warman,* 94 E. C. L. 573; *Railroad Co. v. Patton,* 31 Miss. 188; *Gorman v. Railroad*

*Co.,* 26 Mo. 441; *Trout v. Railroad Co.,* 23 Grat. 623; *Isbell v. Railroad Co.,* 27 Conn. 393; *Railroad Co. v. Williams,* 65 Ala. 74; *Railroad Co. v. Irish,* 72 Ill. 404; *Railroad Co. v. Lebus,* 14 Bush. 518; *McCoy v. Railroad Co.,* 40 Cal. 532; 1 Thomp. Neg. 498; Beach, Contrib. Neg. 73.

WILLIAMS, J. This was an action to recover damages for the killing of three mules. The defendants in error do not seem to have been in the habit of permitting the mules to run at large. On the night of the injury they had them shut up in a reasonably safe inclosure, and by some means unknown to the defendants in error they escaped and wandered down a public highway and through a gate opening into the inclosure around plaintiff in error's right of way, which had been left open. By whom it is not shown.

In *Pacific Railroad Co. v. Brown,* 14 Kan. 469 (2d Ed. 359), Mr. Justice Brewer, in speaking for the court, said:

"The seventh instruction asked for was as follows: 'It is no part of the duty of those in charge of moving railroad trains to keep watch for cattle or horses that may accidentally have strayed upon the track of the railroad.' Now, whatever of truth there may be in this, as an abstract proposition, it would, under the circumstances of this case, have been apt to convey a wrong impression. The place of the accident was visible for half a mile in either direction along the track. There was testimony to show that the speed of the train was not slacked; that no warning was given by whistle, or bell, or letting off of steam. There was no testimony offered for the defense, and none for the plaintiff, from which the jury could infer that any of the trainmen knew of the presence of these horses on the track before the moment of injury. Would not a jury gather the impression from such an instruction, then, that there was no breach of duty—no negligence—on the part of the trainmen, even if they remained thus wholly unaware of the presence of the horses on the track until the very moment of striking them, and therefore took no measures to prevent the injury? We think, therefore, that the court properly refused the instruction. It could have subserved no proper purpose, and was liable to mislead. A similar criticism may be passed upon an-

other instruction, asked, viz., that 'it is a presumption of law that the employees of moving trains do their duty in all respects, as well to those on their own train and the property of the company, as to those off the train and their property.'. The motion for a new trial was also properly overruled. The testimony of the plaintiff tended to show negligence on the part of the defendant, and the defendant introduced no testimony."

In *Atchison, Topeka & Santa Fe Railroad Company v. Davis,* 31 Kan. 645, 3 Pac. 301, Mr. Justice Brewer, in delivering the opinion, said:

"Counsel for the company rely largely on the case of *Railroad Co. v. Rollins,* 5 Kan. 167, in which the company was held liable only for gross negligence. They insist that the principles there laid down have been since frequently affirmed by this court, and are controlling and decisive in the case at bar. We think not. Without intending any departure from those principles, we think that the case is not in point. There the plaintiff, living in the vicinity of the railroad track, turned his cattle loose on uninclosed fields, from which they strayed upon the railroad track and were killed by a passing train. In so doing he was chargeable with some blame. He knew the unfenced condition of the road, knew of the passing trains, and knew that his cattle turned loose might very naturally wander in the direction of the track. Hence it could not be said that he was entirely without fault. But in the case at bar the plaintiff was without any fault. He took all reasonable precautions to confine his colt, placed it in a field inclosed by a secure and safe fence. Without any fault on his part, and through the misconduct or negligence of some unknown person, in the nighttime, the gate was left open and through it the animal wandered upon defendant's track. While technically the animal was a trespasser, yet it was so trespassing after reasonable precautions had been taken by the plaintiff, and without any fault on his part. Under those circumstances, the company was bound to use ordinary care to prevent injury. The case of *Railroad Co. v. Brown,* 14 Kan. 469, is in its facts very much in point. There the plaintiff's stock had been by him shut up in his barn, and without any fault on his part, in the nighttime, got out therefrom and strayed upon the railroad track, and were killed. In that case the company was held liable. It is true this particular question was not then discussed or specially considered, so that

the case is not a direct authority. See, also, *Railroad Co. v. Wilson*, 28 Kan. 637; *Railroad Co. v. Riggs, ante;* [31 Kan. 622] [3 Pac. 305]. It is true that authorities in other states are conflicting on this question. See the various authorities cited in briefs of opposing counsel. We think in principle, however, it is more just and fair that where the owner of stock is without fault, and has taken every reasonable precaution to keep his animals confined, and through some unexpected casualty, or misconduct or negligence of a third party, the animals escape from such confinement upon the grounds of another, the latter should use ordinary care to prevent their being injured. See in support of these views the following authorities from other states: *Pearson v. Milwaukee, etc., Ry. Co.*, 45 Iowa, 497; *Rockford, etc., R. Co. v. Rafferty*, 73 Ill. 58; *Baltimore, etc., R. Co. v. Mulligan*, 45 Md. 486; *Bemis v. Conn., etc., R. Co.*, 42 Vt. 375, [1 Am. Rep. 339]; *Cinn & Zanesville R. Co. v. Smith*, 22 Ohio St. 244, [13 Am. Rep. 233]; *Ill. Cent. R. Co. v. Baker.* 47 Ill. 295; *Little Rock & Ft. S. R. Co. v. Finley.* 37 Ark. 562; *Richmond v. Sacramento, etc., R. Co.*, 18 Cal. 351."

See, also, to the same effect *Bostwick v. Minneapolis & Pac. Ry. Co.*, 2 N. D. 440, 51 N. W. 781, and authorities therein cited. Paragraphs 1 and 2 of the syllabus in said case are as follows:

"(1) In this state the common-law rule relative to domestic animals is in force, and every man is bound, at his peril, to keep his stock upon his own premises, and is liable for all damages that his stock may do on the premises of another, whether fenced or unfenced. (2) But the fact that plaintiff's horse was a trespasser upon the railroad track of defendant, without any actual fault of plaintiff, did not relieve defendant, after the presence and peril of the horse were known to it, from the obligation to exercise ordinary care in the management of its trains to prevent an injury to the horse."

The evidence in the record shows a straight track each way for some distance from the point where the mules were killed. The fence inclosing the right of way was so constructed as to converge in a V shape at a certain bridge, the point where these mules seem to have been struck by the train. The bridge was on an embankment, and for some distance as appears from the evidence the mules had traveled on this embankment just outside of the track

or cross-ties until they got within a short distance of the bridge, when they got upon the track. There was also evidence of mules' tracks, indicating that the mules had run around on the embankment and in that V point of the inclosure at the bridge. Neither the engineer nor the fireman in charge of the train was introduced to testify on the part of the plaintiff in error. The mules were found near the bridge, badly bruised. Hair, the color of that of the mules, was found on or near the track at such point. The jury were justified in finding that these mules were killed by a train running on said track. And, if so, they must have been on the track when struck by the train. The following inquiries then arise, if not others: Were the mules stationary on the track or had they just got on it? At what distance ahead of the train were the mules discovered by the engineer or did he discover them at all? And, if so, were the brakes applied and the engine reversed, or was it reasonably practicable to do these things? What means were employed to prevent injury, and, if none were employed, why were they not employed?

When the circumstances in proof on the part of the plaintiff tend to fix a liability on the defendant who has it in his power to offer evidence of all the facts as they existed and rebut the inferences which the circumstances of the facts proved tend to establish, and he fails to offer such proof, the natural conclusion is that such proof, if produced, instead of rebutting, would support the inferences against the defendant, and the jury is justified in acting upon such conclusion. *M. K. & T. Ry. Co. v. Ward,* 1 Ind. T. 670, 43 S. W. 954; *Moore v. Adams et al, infra,* 108 Pac. 392; *Lehman et al. v. Knapp et al.,* 48 La. Ann. 1148, 20 South. 674. In the case of *Kansas City, S. & M. Ry. Co. v. Kirksey,* 48 Ark. 370, 3 S. W. 190, in an opinion by the late Chief Justice Cockrill, it was held that, when stock are upon the premises of a railway company or of a private owner, he owed only the negative duty to avoid injury to them which the exercise of ordinary care at that time would prevent. *In M. & L. R. R. R. v. Kerr,* 52

Ark. 162, 12 S. W. 329, 5 L. R. A. 429, 20 Am. St. Rep. 159, it is said:

"The extent of the duty which a railroad company owes to the owner of stock upon its track is that the engineer in charge of the train at the time shall use ordinary or reasonable care after the stock is discovered by him to prevent injury to it, and this negatives the idea that the engineer is bound to keep a lookout for stock. Several states, among them Tennessee and Alabama, have by acts of their Legislature altered the rule by making it the duty of the engineer to keep a lookout for stock. There is an obligation due to *others* from railroad companies to preserve a strict lookout while running their trains, and as the agents of the company, in the absence of circumstances leading to a different conclusion are presumed to keep such lookout, it is a fair inference of fact for the jury that a watchful agent will see stock on or near the track, and they will then determine whether he has used ordinary or reasonable care to prevent injury to it."

The instructions of the trial court were more favorable than the plaintiff in error was entitled to. Having induced the trial court to give such an instruction, it will not be permitted to successfully contend here that it is reversible error as to it.

The question of negligence under the evidence in this record was one of fact for the jury, and its finding will not be disturbed.

The judgment of the lower court is affirmed.

All the Justices concur.