## ATCHISON, T. & S. F. RY. CO. v. WARD.

No. 1229. Opinion Filed November 18, 1911.

Rehearing Denied February 6, 1912.

(120 Pac. 982.)

**RAILROADS—Killing Stock—Duty of Employees.** In an action against a railroad company to recover for horses killed and injured by its train, in a county where the herd law is in force, it is error to instruct that it is the duty of employees in charge of the train to exercise reasonable care to discover animals on the track. In such cases, the duty of defendant's employees is to exercise ordinary care to avoid injuring the animals after they are discovered.

(Syllabus by Rosser, C.)

*Error from District Court, Woodward County;*
*R. H. Loofbourrow, Judge.*

Action by J. R. Ward against the Atchison, Topeka & Santa Fe Railway Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*Cottingham & Bledsoe* and *Charles W. Woods,* for plaintiff in error.

*Jas. L. Brown* and *J. R. Dean,* for defendant in error.

Opinion by ROSSER, C. This was an action to recover damages for the killing of four horses and for injury to three others, the property of J. R. Ward.

The herd law is in force in Woodward county. The horses escaped from the corral where Ward kept them, and passed through an open gate on a private roadway across the company's track, and passed down upon the right of way, and there were killed and injured by a passenger train at the end of a bridge half a mile from the gate where they came in. The right of way was fenced, and the fences came together in a V shape, where they joined the bridge. The appearance of the track indicated that the horses had been running for 40 or 50

rods before they were struck. The track was straight and nearly level, and there was nothing to obstruct the view. The engineer and fireman were the only persons who saw the horses struck. The fireman, W. F. Grant, stated that the train was running 35 or 40 miles an hour, and that the engineer called his attention to the horses, and set the emergency brake and stopped as quickly as possible; that he saw just one horse, and it appeared that the train pushed it off the track; and that the engineer did everything that was possible to stop the train. He says that it must have been about five or six hundred yards from where the engineer spoke to him to where the train stopped. The engineer testified that as he sounded the whistle at a crossing post some horses ran onto the track, and that he proceeded to stop the train. He stated that the crossing post was about 80 rods from the crossing. It appears that the horses were killed about ten or fifteen rods from the crossing, towards the whistling or crossing post. He further stated that as soon as he saw the horses he put on the air and emergency brake, and tried to stop the train. He estimates the distance the horses were from him when he discovered them to have been about 200 yards. He did not see how many horses he struck, but was certain he threw one into the air. He further testified that he could discern an object eight or nine telephone poles ahead of him. He stated that he stopped the train in a distance of about 300 yards, or something like that; that the train was going at about 30 miles an hour when he struck the horse and knocked it into the air, and he stopped from that point in about half the length of his train, or about 300 feet.

The court instructed the jury that it was the duty of the engineer and employees operating the train of the defendant to exercise reasonable care to discover animals on the track, and to avoid striking them after they had discovered them, and that if the jury believed that the engineer had not exercised reasonable care in endeavoring to discover animals on his track and avoid striking them, and that by reason of his lack of care the animals were killed and injured, that then they should find for

the plaintiff. This was error. The first paragraph of the syllabus of *Atchison, Topeka & Santa Fe Ry. Co. v. Davis & Young,* 26 Okla. 359, 109 Pac. 551, is as follows:

"The plaintiff's mules having trespassed upon the railroad track of defendant, without any actual fault on the part of plaintiff, after the presence and peril of the mules were known to it, the obligation rested upon it to exercise ordinary care in the management of its trains to prevent injury to such mules."

Thus holding by implication that there is no duty resting upon the defendant to keep a lookout, but that its duty begins only after the animals are discovered. In the course of the opinion, Mr. Justice Williams quotes with approval the syllabus of *Bostwick v. Minneapolis & Pacific Ry. Co.,* 2 N. D. 440, 51 N. W. 781, which is as follows:

"(1) In this state, the common-law rule, relative to domestic animals, is in force, and every man is bound, at his peril, to keep his stock upon his own premises, and is liable for all damages that his stock may do on the premises of another, whether fenced or unfenced. (2) But the fact that plaintiff's horse was a trespasser upon the railroad track of defendant, without any actual fault of plaintiff, did not relieve the defendant, after the presence of the horse was known to it, from the obligation to exercise ordinary care in the management of its trains to prevent an injury to the horse."

He also quotes with approval the opinion of Mr. Justice Cockrill, in the case of *M. & L. R. R. Co. v. Kerr,* 52 Ark. 162, 12 S. W. 329, 5 L. R. A. 429, 20 Am. St. Rep. 159, which holds that the railroad company only owes to the owner of live stock upon its track the negative duty to avoid injuring them after they are discovered, and does not owe the duty to keep a lookout for the stock. See, also, *Illinois Central R. Co. v. Noble,* 142 Ill. 578, 32 N. E. 684; 33 Cyc. 1217. No opinion is expressed herein as to the rule in those portions of the state where the county commissioners have exempted the county or stock district from the operation of the herd law, under the provisions of sections 193-196, Comp. Laws 1909.

It is contended by defendant in error that, though this instruction might have been erroneous, still the evidence shows

that the engineer was negligent, because he did not use all means possible to avoid striking the animals after he discovered them; and that therefore the error in giving the instruction was not prejudicial. The engineer and fireman both testify that everything possible was done to avoid injuring the animals after they were discovered; and that it was impossible to stop the train between the point where they were first discovered and the point where they were overtaken. Where the evidence is such that, notwithstanding an erroneous instruction, all reasonable men must conclude that the verdict would have been the same, though the proper instructions had been given, a case should not be reversed on account of the improper instruction; but where there is substantial conflict in the evidence an appellate court has no right to weigh it and decide what the verdict would have been, had the jury been properly instructed. Applying this rule in this case, it cannot be said that the circumstances proven are sufficient to justify this court in saying that the verdict of the jury would have been the same, had proper instructions been given to them. It follows, therefore, that the instructions were prejudicial, and that the case should be reversed and remanded.

In view of another trial, it is proper to notice other assignments of error made by the company. It is contended by the company that, as the herd law was in force in Woodward county, the stock had no right to be at large, and that they were trespassers upon the company's track, and that the company would not be liable for killing or injuring them, unless the company was guilty of wanton or willful neglect in running them down. This is not the law. Where the animals escaped from the owner, without fault upon his part, the company is bound to use ordinary care to avoid injuring them, after they are discovered upon its tracks. *Atchison, Topeka & Santa-Fe Ry. Co. v. Davis & Young,* 26 Okla. 359, 109 Pac. 551; *Pacific Ry Co. v. Brown,* 14 Kan. 469; *Atchison, Topeka & Santa Fe Ry. Co. v. Davis,* 31 Kan. 645, 3 Pac. 301.

The company assigns as error the introduction of testimony in regard to the condition of the right of way fence between the gate where the horses got in and the bridge where they were struck. This testimony was not admissible; it was not connected with the injury to the horses in any way; it was not shown that the horses got in or out at that point, and while it is not probable that the jury were misled by it, and it would not be sufficient upon which to reverse the case, yet it was irrelevant, and should not have been admitted.

It is neither necessary nor proper to consider the other questions raised by plaintiff in error.

By the Court: It is so ordered.