## ST. LOUIS & S. F. R. CO. v. LITTLE.

### No. 1982.   Opinion Filed July 18, 1912.

#### (125 Pac. 459.)

RAILROADS—Operation—Injuries to Animals.  Where the law pro-
hibits domestic animals from running at large, and a mare, being
at large, strays upon the tracks of a railroad company at a place
it is not required to fence its tracks, and is killed by the train,
it is error to instruct the jury that the employees of the com
pany are required, at such place, to keep ''a constant and care-
ful lookout for stock which might be on the track.''  The duty of
the company, under such circumstances, is to exercise ordinary
care not to injure such animal after its presence on the track
and its danger have been discovered.

(Syllabus by Brewer, C.)

*Error from Marshall County Court;*
*J. W. Falkner, Judge.*

Action by Samuel Little against the St. Louis & San Fran-
cisco Railroad Company. Judgment for plaintiff, and defend-
ant brings error. Reversed, and new trial granted.

*W. F. Evans, R. A. Kleinschmidt,* and *Fred E. Suits,* for
plaintiff in error.

*Summers Hardy, Wm. M. Franklin, F. E. Kennamer,* and
*Chas. A. Coakley,* for defendant in error.

Opinion by BREWER C.  In this case the plaintiff below
sued the defendant for killing a mare on the 28th day of October,
1908, in the town of Kingston, Marshall county, Okla. The
jury returned a verdict for plaintiff, and judgment was entered
thereon, and this appeal is prosecuted to correct alleged errors
occurring at the trial.

Marshall county is situated in what was formerly the Indian Territory, wherein, prior to the erection of the state of Oklahoma, there was no law restraining domestic animals from running at large. However, upon coming into statehood, the herd law in force in Oklahoma Territory theretofore was extended in force in the state by the Schedule to the Constitution and the Enabling Act. *Leflore v. Saunders,* 24 Okla. 301, 103 Pac. 858.

The record in this case fails to disclose whether this law had been suspended at the place and time of the killing of the mare. If such was the case, it was the duty of the plaintiff below to show the same. *St. L. & S. F. R. Co. v. Brown,* 32 Okla. 483, 122 Pac. 136; *M., K. & T. Ry. Co. v. Savage,* 32 Okla. 376, 122 Pac. 656.

The court below gave, over the objection of the defendant, the following instruction:

"That although the mare was wrongfully on the defendant's track when it received the injury of which it died and was not seen by the engineer in time to avert the accident, yet if, by the exercise of ordinary care and watchfulness, he might have seen her in time to have averted the danger, the defendant was liable for the injury that resulted from the accident. It was certainly the duty of the engineer in passing through the limits of the town of Kingston to keep a constant and careful lookout for stock which might be on the track."

The state of this record considered, the giving of this instruction was reversible error; and it has been so held in *A., T. & S. F. Ry. Co. v. Davis & Young,* 26 Okla. 359, 109 Pac. 551; *A., T. & S. F. Ry. Co. v. Ward,* 32 Okla. 187, 120 Pac. 982; *St. L. & S. F. R. Co. v. Brown, supra; M., K. & T. Ry. Co. v. Savage, supra.* It is not necessary to discuss those cases, as a reference to them will show that this case is covered by the doctrine they announce.

However, as there is evidence in this case sufficient to justify it, the case should be reversed and remanded, and a new trial granted.

By the Court: It is so ordered.