## ST. LOUIS & S. F. R. CO. v. WEBB.

### No. 2261.  Opinion Filed November 26, 1912.

#### (128 Pac. 252.)

1. **TRIAL—Questions for Jury—Title of Plaintiff.** Where a party sues in his own name for damages done to property, alleging sole ownership in such property, and the evidence tends to show a joint ownership with another and an issue as to joint ownership is raised, it is error to refuse to submit such issue to the jury.

2. **PARTIES—Plaintiffs—Who Must Join.** Where two parties have a joint interest in property, they must join in an action for injuries to such property.

3. **RAILROADS—Injuries to Animals—Direction of Verdict.** In an action for damages caused by alleged negligence in the killing of stock by a railroad company, where the testimony of the engineer and fireman is positive that the alarm was sounded, emergency brakes applied as soon as the stock was discovered, and everything done which was possible to do to stop the train and avoid the killing, and such testimony is not denied and there is no testimony offered to show negligence, the court should instruct for a verdict in favor of defendant.

(Syllabus by Harrison, C.)

*Error from Choctaw County Court;*
*W. T. Glenn, Judge.*

Action by C. L. Webb against the St. Louis & San Francisco Railroad Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*W. F. Evans, R. A. Kleinschmidt,* and *E. H. Foster,* for plaintiff in error.

*J. L. Dixon,* for defendant in error.

Opinion by HARRISON, C.  This cause was originally begun in the justice court of Hugo township, Choctaw county, and judgment obtained for $75.  Thereupon an appeal was taken to the county court by the railroad company and judgment there rendered against the company for the sum of $70, from which judgment the railroad company appeals.

There are two questions involved, either of which would necessitate a reversal of the judgment.  First. Whether the plaintiff Webb, was the sole owner or a joint owner of the horse alleged to have been killed.  Second. The insufficiency of the evidence as to the negligence of defendant.

As to the first proposition, it is shown by the record that plaintiff, though suing in his own name, was not the sole owner of the animal, for the killing of which suit was brought, but that a half interest in such animal was owned by one A. M. Merrill, and that the court, though requested so to do by the defendant, refused to submit the question of joint ownership to the jury.  The plaintiff alleged that the horse in question belonged to him.  Mr. Webb testified that Merrill had a conditional interest in the stock, but that he was to stay a certain length of time, and did not stay that length of time; that he bought back Merrill's conditional interest, but the record shows that it was bought back after suit was begun.  Merrill testified that he owned an indirect one-half interest in the stock.  The record fails to show just what this one-half interest was.  It might justify the possible inference that Merrill's interest was in the increase of the stock, but fails to show conclusively what such interest was.  But inasmuch as it shows some interest in Merrill, and inasmuch as Webb's right of action depended upon whether he was the owner of the stock sued for, and inasmuch as there was a controversy as to whether he was the sole owner or whether he and Merrill were joint owners, we think the court erred in refusing to submit this question to the jury.

"Persons who have a joint interest must sue jointly for an injury to such interest. Joint owners of property must unite as plaintiffs in one action for an injury thereto or for a conversion thereof." (15 Pl. & Pr. 544, and authorities cited.)

As to the question of defendant's negligence, the engineer and fireman both testified that, as soon as the stock came in view, the alarm was sounded; that immediately thereupon some of the stock ran upon the track in an attempt to cross it; that the air brakes were immediately applied, and everything done which they could possibly do to stop the train before the stock was struck; that it was in the nighttime and downgrade; that the train consisted of some twenty or thirty cars; that the rails were wet with dew, making the tracks slick, thereby rendering it impossible to stop the heavy train on a downgrade any sooner than it stopped. There was no evidence whatever tending to show that the engineer had not done all that could be done under the circumstances to avoid the killing .The record does show that there was some hay and grain scattered upon the track, which was liable to induce stock to come upon the right of way, but the evidence fails to show that the stock was ever about this grain or hay, and that they had been tolled onto the track by same. It shows that from the tracks of the horses none of them had been close to the grain and hay, and thereby fails to show that the presence of such grain and hay in any manner contributed to the cause of the injury. The record also shows that there was a fence on the side of the track, and that such fence was down or had gaps in it in places, thus allowing stock to get upon the right of way and down into the pocket where the track was inclosed by the fence on each side, and no place for escape by the stock. But the record does not show that the existence of the fence or the pocket which plaintiff complains of in any manner contributed to the injury. In fact, there is nothing in the record which tends to show that the stock would not have been killed in the manner in which it was killed, had there been no fence inclosing the right of way and no feed or grain upon the right of way. In *A., T. & S. F. Ry. Co. v. Henderson,* 27

Okla. 560, 112 Pac. 986, wherein the identical question and state of facts involved in the case at bar was before the court, it was held:

"There was absolutely no evidence tending to contradict the positive evidence of the engineer that he did all in his power to avoid striking the hogs, and none from which the court might infer the want of ordinary care on his part. *K. C., L. & S. K. Ry. Co. v. Bolson,* 36 Kan. 534, 14 Pac. 5. The engineer saw the hogs as they approached the track, and immediately sounded the whistle, applied the emergency brakes, and did everything he could to stop his train. There is no evidence that the train did not slack in response to the engineer's efforts, or that it would have been possible to stop within the distance intervening between the hogs and the locomotive at the time they were discovered approaching the tracks. Courts cannot disregard the uncontradicted evidence of unimpeached witnesses, and it was error for the court below to do so."

Under the record before us, plaintiff's right of recovery depended solely upon the negligence of the company in stopping the train and doing everything possible under the circumstances to avoid the killing. The testimony of the engineer and fireman was positive that they did all they could. Their testimony was not denied, nor were there any circumstances shown which tended to refute their testimony. It is argued by counsel that the engineer having testified that he could stop the train within something like a length or a length and a half of its length, and that having testified that he saw the stock at a certain point, and that the animal was killed several lengths of the train from such point, the inference is valid that he did not stop it as soon as he could have stopped it after seeing the horses. But the record does not support this contention. We think, therefore, that, inasmuch as the plaintiff failed to show wherein the presence of the feed on the track or the fence along the right of way in any way contributed to the killing of the animal, the court should have excluded the testimony in reference to the feed and fence and instructed the jury to disregard same, and that in the absence of any testimony or circumstance tending to refute the positive testimony of the engineer and fireman that everything was done

which was possible to do to stop the train and avoid the accident judgment should have been rendered for defendant.

The case should, therefore, be reversed and remanded.

By the Court: It is so ordered.