## ST. LOUIS & S. F. R. CO. v. HARDESTY.

No. 2320.   Opinion Filed January 21, 1913.

(129 Pac. 739.)

1. **RAILROADS—Killing Stock—Evidence.** In the absence of proof that the place where the animals were killed by a railroad train was exempted from the provisions of the law prohibiting animals from running at large, it will be presumed that they were so prohibited.

2. **SAME—Instructions.** In an action against a railroad company to recover for live stock killed by its train at a place where the herd law is in force, it is error to instruct that it is the duty of the employees in charge of the train to keep a lookout for the purpose of discovering animals on the track. In such cases it is the duty of such employees to exercise ordinary care to avoid injuring them after they are discovered.

(Syllabus by Rosser, C.)

*Error from Tulsa County Court;*
*N. J. Gubser, Judge.*

Action by F. E. Hardesty against the St. Louis & San Francisco Railroad Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*W. F. Evans, R. A. Kleinschmidt,* and *Fred E. Suits,* for plaintiff in error.

Opinion by ROSSER, C. This was an action by F. E. Hardesty against the St. Louis & San Francisco Railroad Company to recover damages for the killing of certain hogs by one of the defendant's trains.

The court instructed the jury, in substance, that it was the duty of the engineer and fireman in charge of the train to keep a sharp and vigilant lookout for live stock on the track, and, in effect, instructed them that it was the duty of the defendant to use reasonable care to discover animals on the track. This instruction is assigned as error.

The hogs were killed in Tulsa county. There is no proof that the county, or subdivision thereof where the stock were killed, was exempt from the general law prohibiting animals from running at large; and there being no proof the presumption is that they were prohibited from running at large. *M., K. & T. Ry. Co. v. Savage,* 32 Okla. 376, 122 Pac. 656.

The law does not require a lookout to be kept for animals on the track of a railroad company in those portions of the state not exempt from the operation of the herd law. This rule is established by a number of decisions. See *A., T. & S. F. Ry. Co. v. Davis & Young,* 26 Okla. 359, 109 Pac. 551; *A., T. & S. F. Ry. Co. v. Ward,* 32 Okla. 187, 120 Pac. 984; *M., K. & T. Ry. Co. v. Savage,* 32 Okla. 376, 122 Pac. 656; *St. L. & S. F. R. Co. v. Brown,* 32 Okla. 483, 122 Pac. 136; *St. L. & S. F. R. Co. v. Little,* 34 Okla. 298, 125 Pac. 459. In such cases the duty of the defendant's employees is to exercise ordinary care to avoid injuring the animals after they are discovered.

It follows that the instruction in this case was erroneous, and as, under the evidence, it was very material, the judgment should be reversed.

By the Court: It is so ordered.