ST. LOUIS & S. F. R. CO. v. SMITH.

No. 3169.  Opinion Filed December 23, 1913.

(137 Pac. 357.)

1.  RAILROADS—Killing Trespassing Animals—Presumption of Negligence. In an action against a railroad company for killing trespassing animals, negligence will not be presumed, in the absence of statute, from the mere fact of accident, which is as consistent with the presumption that it is unavoidable as it is with negligence.

2.  SAME—Liability. In the absence of negligence, a railroad company is not liable for animals injured or killed, when they come

upon the track at a place where it is not required by law to be fenced, such as station grounds.

3.  TRIAL—Direction of Verdict—Evidence—Negligence. In an action against a railroad company for the negligent killing of stock, where the plaintiff's right of recovery depends upon defendant's negligence, and where there is no evidence tending to prove negligence, and no circumstance from which negligence might be reasonably inferred, it is the duty of the court to direct a verdict in favor of defendant.

(Syllabus by Sharp, C.)

*Error from County Court, McCurtain County;*
*T. J. Barnes, Judge.*

Action by T. W. Smith against the St. Louis & San Francisco Railroad Company. Judgment for plaintiff, and defendant brings error. Reversed.

*W. F. Evans, R. A. Kleinschmidt, E. H. Foster,* and *Stephenson & Shaffer,* for plaintiff in error.

Opinion by SHARP, C. Of the several assignments of error urged, it will be necessary to consider only the action of the court in overruling defendant's motion for a peremptory instruction. At the time of the accident which resulted in the death of plaintiff's mule, the owner was living in the little town of Duval, about 75 yards distant from the railroad station platform, and had turned the mule out to permit it to graze in the adjoining woods pasture. On the same afternoon the mule was struck by an east-bound passenger train, and, as a result of the injury sustained, died a short time thereafter. The undisputed evidence shows that the animal was struck by the engine at the station platform. Plaintiff's amended petition charges that the animal's death was due to the negligence of the defendant in the operation of its train, and further charged that no fence had been erected by the railroad company where the injury occurred. The latter allegations, if indeed as alleged it could be charged as an act of negligence, was eliminated by the court's charge to the jury, so that the only ground upon which the verdict was permitted to stand was that the train at the time of the injury was being negligently operated, as the trial court was clearly correct in its instruction that the railroad company was not required

by law to fence its right of way at station grounds. Section 1389, Comp. Laws 1909 (Rev. Laws 1910, sec. 1435); *St. Louis & S. F. R. Co. v. Brown,* 32 Okla. 483, 122 Pac. 136.

We have read the testimony very carefully, and fail to find any evidence tending to show any negligence on the part of the employees of the railway company. Four eyewitnesses testified concerning the accident, two on the part of the plaintiff, and two on the part of the defendant. C. B. Gardner, for plaintiff, testified that he saw the mule on the track at the dirt road crossing a short ways, probably 30 or 40 yards, west of the platform, at which time the animal was running down the track, and was but four or five feet in front of the engine, when the witness turned his attention elsewhere. When he next saw the mule, she was walking away from the track, limping as if injured. Bertha Davlin, a daughter of plaintiff, testified that she did not see the mule when it went on the track, but saw it running away from the train as it approached; that it ran probably 30 yards before being hit; that the train was running pretty fast, but whistled, she thought, for the station; that the dirt road crossing was about 35 or 40 yards west of the platform; that she could not say how fast the train was running; that she saw the train hit the mule. On behalf of defendant, J. W. Bateman testified that at the time of the accident he was at the commissary store near by, and saw the mule walking down the track, and that when the train struck her it pushed her down, and that she afterwards got up and walked towards the store; that it seemed that the mule was "just shoved along on her four feet." Joe Goodman, for the defendant, testified that he was standing about 200 yards south of the railroad when he saw the mule on the railroad track; that the train ran against the mule and "pushed her along a little bit and then stopped"; that the mule got up and "fed on off"; that the mule was east of the dirt crossing when she was struck. We do not consider this testimony sufficient proof of negligence. It proves that the animal was struck and injured by the railroad company's engine and nothing more. From all the evidence, it is clear that the mule, which had that day been negligently turned loose by its owner, adjacent to the unfenced station grounds, had

wandered on the track and was struck and injured; that it got on the track at a point not to exceed 35 or 40 yards from where the train stopped near the station platform.

Negligence is not to be presumed from the mere fact of injury, which is as consistent with the presumption that it was unavoidable as it is with negligence, and there must be some evidence that the accident could have been avoided with proper diligence and precaution. *Stern et al. v. Michigan Central Railroad Co.,* 76 Mich. 591, 43 N. W. 587.

Plaintiff's mule was unlawfully at large, and was a trespasser upon the tracks of the defendant company, and in such case, as was said in *St. Louis & S. F. R. Co. v. Brown, supra,* the correct rule is that the railroad company is required to exercise only ordinary care to avoid injuring trespassing animals after they are discovered on or in dangerous proximity to the track. *Atchison, T. & S. F. Ry. Co. v. Davis & Young,* 26 Okla. 359, 109 Pac. 551; *Missouri, K. & T. Ry. Co. v. Savage,* 32 Okla. 376, 122 Pac. 656; *Atchison, T. & S. F. Ry. Co. v. Ward,* 32 Okla. 187, 120 Pac. 982; *St. Louis & S. F. R. Co. v. Little,* 34 Okla. 298, 125 Pac. 459; *St. Louis & S. F. R. Co. v. Hardesty,* 36 Okla. 682, 129 Pac. 739; *Memphis & Little Rock R. Co. v. Kerr,* 52 Ark. 162, 12 S. W. 329, 5 L. R. A. 429, 20 Am. St. Rep. 159. In the absence of negligence, a railroad company is not liable for animals injured or killed, when they come upon the track at a place where it is not required by law to be fenced, such as depot or station grounds. *International & Great Northern R. Co. v. Dunham,* 68 Tex. 231, 4 S. W. 472, 2 Am. St. Rep. 484; *Moser v. St. Paul & D. R. Co.,* 42 Minn. 480, 44 N. W. 530; *Bechdoldt v. Grand Rapids & I. R. Co.,* 113 Ind. 343, 15 N. E. 686.

That the mule was struck within 30 or 40 yards of where it got on the track; that the whistle was sounded and the train quickly brought to a stop at or near the platform; together with the manner in which the animal was struck—all tended to negative, rather than prove, negligence. In the absence of any evidence tending to prove negligence, or where from the evidence negligence may not be reasonably inferred, it is the plain duty

of the court to direct a verdict in favor of the defendant. *Baker v. Nichols & Co.*, 10 Okla. 685, 65 Pac. 100 ; *Richardson v. Fellner*, 9 Okla. 513, 60 Pac. 270 ; *Edmisson v. Drumm-Flato Co.*, 13 Okla. 440, 73 Pac. 958 ; *Cooper v. Flesner,* 24 Okla. 47, 103 Pac. 1016, 23 L. R. A. (N. S.) 1180, 20 Ann. Cas. 29 ; *Atchison, T. & S. F. Ry. Co. v. Henderson*, 27 Okla. 560, 112 Pac. 986 ; *St. Louis & S. F. R. Co. v. Webb*, 36 Okla. 235, 128 Pac. 252 ; *St. Louis & S. F. R. Co. v. McClelland*, 36 Okla. 573, 128 Pac. 1081.

No brief has been filed in this court on the part of the defendant in error. In our opinion the plaintiff wholly failed to make out a case involving the legal liability of the company, and the judgment of the trial court should be reversed.

By the Court: It is so ordered.