### FT. SMITH & W. R. CO. v. DIXON.

No. 5472.   Opinion Filed October 12, 1915.

(152 Pac. 350.)

1.   **RAILROADS—Trespassing Animals—Liability for Killing—Negligence—Presumption.** In an action against a railway company for killing trespassing animals, negligence will not be presumed, in the absence of statute, from the mere fact of accident, which is as consistent with the presumption that it is unavoidable as it is with negligence.

2.   **SAME—Killing at Crossings.** In the absence of negligence, a railway company is not liable for animals injured or killed, when they come upon the track at a place where it is not required by law to be fenced, such as railway crossings.

3.   **SAME—Direction of Verdict—Evidence.** In an action against a railway company for the negligent killing of stock, where the plaintiff's right of recovery depends upon defendant's negligence, and where there is no evidence tending to prove negligence, and no circumstances from which negligence might be reasonably inferred, it is the duty of the court to direct a verdict in favor of defendant.

(Syllabus by Brewer, C.)

*Error from County Court, Okfuskee County;*
*T. H. Wren, Judge.*

Action by R. J. Dixon against the Ft. Smith & Western Railroad Company.   Judgment for plaintiff, and defendant brings error.   Reversed.

*C. E. & H. P. Warner,* for plaintiff in error.

Opinion by BREWER, C.   Defendant in error, R. J. Dixon, brought this suit against plaintiff in error to recover the value of a mule which it was alleged had been killed through the negligence of the railroad company on or about October 22, 1911.   The question of negligence was put in issue by a general denial.   At a trial in the county court, to which the cause had been taken on appeal, a verdict was rendered by the jury in favor of plaintiff and against the railroad company, to reverse which the railroad company brings this appeal, and confines its argument to one proposition:   That there was no evidence of negligence, nor evidence that in the slightest degree tended to prove negligence, and that therefore there was nothing to support the verdict and judgment of the court.   This point, of course, requires at our hands an examination of all the evidence introduced in the case, and we have carefully performed this duty and have come to the conclusion that the contention of the railroad company must be sustained.

Plaintiff's proof consisted in showing that he was the owner of a certain mule, which he had hired or loaned out to some one else to use, and that said mule, about the time alleged in the petition, was found dead near the railroad track at a public crossing of a dirt road, with wounds and bruises indicating that it had been struck by a train, and that the railroad, in this vicinity, was straight for a considerable distance in both directions from where the mule was found.   None of plaintiff's witnesses saw the accident.   There is neither pleading nor evidence to show that the general laws of the state (section 138, Rev. Laws 1910, known as the Herd Law) had been abrogated in this locality.   The only positive evi-

dence that the animal was killed by a train was introduced by the railroad company, through the engineer and fireman of the engine that struck the animal. The engineer, Van Arsdale, among other things, testified as follows:

"Q. Do you remember the occasion of you striking this mule of Dixon's, due north of Weleetka? A. Yes, sir. Q. Tell the jury just where that was, and under what circumstances. A. Well, the track is straight for about two miles at that point. No; it is not that far. About a mile and a half you can see this crossing in the daytime, about a quarter of a mile from Weleetka. Well, it is north and south, but we call it east and west. But at night you could not see as well as in the daytime, and at this point, this road crossing—the crossing is a grade— I don't suppose the track is more than 18 inches higher than the ground. There was a pile of ties piled up just north of the road crossing, and this mule was standing directly behind this pile of ties, and I never saw it until I was within 20 or 30 feet of the mule; that is, it came on the track about 20 or 30 feet ahead of me from behind this pile of ties. I hit it. Q. About what rate of speed were you running? A. Twenty-five or 30 miles an hour. Q. What kind of a train were you pulling? A. Two coaches. * * * Q. Would it have been possible for you, for you and your crew, to have stopped that train, after you discovered the mule on the track before you struck the mule? A. No, sir. If I had, there would not have been anybody in the cars. They would all have went through the ends of it."

The fireman, Mr. Pothart, testified:

"Q. Where were you when you first saw the mule? A. Well, we was in 20 or 25 feet from it. Q. From the mule? A. Yes, sir. Q. Do you know which side of the track it came on from? A. Yes; it came from the right side of the track. Q. Would that be the west side of the track, going in the direction you were going? A.

Yes, sir. Q. And it came onto the track from that side, then about 25 feet in front of the engine? A. Yes, sir. Q. After you saw the mule, would it have been possible for you to have stopped that train? A. No, sir; it could not have stopped. Q. You tell the jury, then, it would have been impossible to have avoided striking this mule, after you first discovered it? A. It would. Q. About what rate of speed were you running? A. Going about 25 or 30 miles an hour. Q. Do you know what time in the evening it was? A. It was some time after 9 o'clock; I don't know just what time it was."

In the absence of anything to show to the contrary, it must be assumed that the general laws of the state, referred to above, and known as the Herd Law, were in force at the time and place of this accident. *M., K. & T. Ry. Co. v. Savage,* 32 Okla. 376, 122 Pac. 656; *St. Louis & S. F. R. Co. v. Brown,* 32 Okla. 483, 122 Pac. 136; *St. Louis & S. F. R. Co. v. Higgs,* 42 Okla. 171, 141 Pac. 10.

The groundwork of this case is the claim of negligence; and, in the absence of any proof of the failure upon the part of the railroad company to exercise the care required of it by law, the whole case falls to the ground. Under circumstances such as those involved here, it is a well-settled rule, supported by many decisions, that the only duty resting upon the railroad company was to use ordinary care to prevent striking or injuring the mule, after the discovery of its presence and position of danger. *St. Louis & S. F. R. Co. v. Higgs, supra; M., K. & T. Ry. Co. v. Savage, supra; St. Louis & S. F. R. Co. v. Brown, supra; St. Louis & S. F. R. Co. v. Smith,* 41 Okla. 314, 137 Pac. 357; *St. Louis & S. F. R. Co. v. Little,* 34 Okla. 298, 125 Pac. 459.

It is also well settled, as said in *St. Louis & S. F. R. Co. v. McClelland,* 36 Okla. 573, 128 Pac. 1081, that:

"In an action against a railroad company for the negligent killing. of stock, where the plaintiff's right of recovery depends upon defendant's negligence, and where there is no evidence tending to prove negligence, and no circumstances from which negligence might be reasonably inferred, it is the duty of the court to direct a verdict in favor of defendant."

See, also, *St. Louis & S. F. R. Co. v. Webb*, 36 Okla. 235, 128 Pac. 252; *Atchison, T. & S. F. Ry. Co. v. Henderson*, 27 Okla. 560, 112 Pac. 986; *St. Louis & S. F. R. Co. v. Smith, supra; Chicago, R. I. & P. Ry. Co. v. Dye*, 48 Okla. 465, 150 Pac. 456.

In *St. Louis & S. F. R. Co. v. Smith, supra*, it is held:

"1.    In an action against a railroad company for killing trespassing animals, negligence will not be presumed, in the absence of statute, from the mere fact of accident, which is as consistent, with the presumption that it is unavoidable as it is with negligence.

"2.    In the absence of negligence, a railroad company is not liable for animals injured or killed, when they come upon the track at a place where it is not required by law to be fenced, such as station grounds.

"3. · In an action against a railroad company for the negligent killing of stock, where the plaintiff's right of recovery depends upon defendant's negligence, and where there is no evidence tending to prove negligence, and no circumstance from which negligence might be reasonably inferred, it is the duty of the court to direct a verdict in favor of defendant."

Under the undisputed, unconflicting proof in this case, it is shown that the animal in question strayed upon a public crossing in the nighttime, not being in charge of any one, and first appeared to the view of the men in

charge of the train about 25 feet in front of them, when the train was running 25 or 30 miles an hour; that it was utterly impossible, through any means or agencies, to prevent striking and injuring the animal, as was done. Therefore it follows that no amount of care could have prevented the accident; and, it not being shown that the railroad company was delinquent in the performance of any duty it owed to plaintiff or his animals, it therefore follows that the verdict, depending upon negligence the proof of which has utterly failed, has nothing to support it; and the cause should be reversed.

By the Court: It is so ordered.