## LUSK et al. v. SKELTON.

No. 8437—Opinion Filed Dec. 11, 1917.

(169 Pac. 892.)

(Syllabus.)

**Railroads — Killing Stock — Sufficiency of Evidence.**

Record examined, and the evidence held not sufficient to support a verdict and judgment for damages for killing a hog by railway train.

Error from County Court, McCurtain County; J. D. Parks, Judge.

Action by J. W. Skelton against James W. Lusk and others, receivers of the St. Louis & San Francisco Railroad Company. Judg-

ment for plaintiff, and defendants bring error. Reversed and remanded for a new trial.

W. F. Evans, R. A. Kleinschmidt, and W. T. Stratton, for plaintiffs in error.

E. C. Armstrong, for defendant in error.

MILEY, J. This action was commenced by the defendant in error, plaintiff below, against the plaintiffs in error, defendants below, to recover damages for a hog belonging to plaintiff killed by one of defendant's trains. There was a verdict and judgment for plaintiff below. The only assignments urged raise the question of the sufficiency of the evidence to support the verdict. We have carefully examined the evidence, and do not believe that the same reasonably tends to support the verdict and judgment. There was no proof of any circumstances requiring the railway company to construct a hog-proof fence on any part of the land adjacent to its right of way, as provided by sections 1439, 1440, and 1441, Rev. Laws 1910, and there was no omission of duty on the part of the railway company in that regard so as to charge it with negligence, from the mere fact that the hog was on the right of way. St. L. & S. F. R. R. Co. v. Higgs, 42 Okla. 171, 141 Pac. 10.

There was no evidence to the contrary, and the presumption obtains that the herd law was in effect in the county where the injury was inflicted. St. L. & S. F. R. R. Co. v. Higgs, supra; M., K. & T. v. Savage, 32 Okla. 376, 122 Pac. 656. The hog was therefore a trespasser on the railway tracks, and the only duty on the part of defendants was to exercise ordinary care to avoid injury to the animal after its presence on the tracks and its danger were discovered. A., T. & S. F. v. Ward, 32 Okla. 187, 120 Pac. 982; M., K. & T. v. Savage, supra; St. L. & S. F. v. Brown, 32 Okla. 483, 122 Pac. 136; St. L. & S. F. v. Little, 34 Okla. 298, 125 Pac. 459; St. L. & S. F. v. Smith, 41 Okla. 314, 137 Pac. 357; Ft. S. & W. R. R. Co. v. Dixon, 51 Okla. 722, 152 Pac. 350.

There were no eyewitnesses to the accident. The carcass of the hog was found about 10 o'clock one morning cut to pieces and scattered along the track for half a mile or more. The track was straight for some distance in both directions, and there was nothing to obstruct the view along the same. There was evidence that the hog was in such condition that it could not jump or move very fast. In the absence of a statute, negligence cannot be presumed from the mere fact of accident, which is as consistent with the presumption that it is unavoidable as it is with negligence. Ft. Smith & Western R. R. Co. v. Dixon, supra. No other reasonable inference can be drawn from this testimony than that the hog was killed by one of defendant's trains. But it cannot be inferred therefrom that those in charge of the train discovered the presence of the hog on the track in time to have prevented the injury. If it had been the duty of the defendant's servants to keep a lookout for animals on the track, the evidence might have been sufficient to send the case to the jury, under St. L. & S. F. v. Smith, 36 Okla. 28, 127 Pac. 479, and Ft. Smith & Western R R. Co. v. Benson, 26 Okla. 246, 109 Pac. 77; but those authorities have been explained and distinguished, and for reasons stated in St. L. & S. F. v. Brown, supra, have no application in this case.

The demurrer to the plaintiff's evidence should have been sustained, and the peremptory instructions requested by defendant should have been given.

The judgment of the court below is reversed, and the cause remanded for a new trial.

All the Justices concur.