## DICKINSON, Receiver, et al. v. ELLIOTT.

No. 9675—Opinion Filed March 16, 1920.

(Syllabus by the Court.)

### Railroads—Killing Stock on Track—Proof of Negligence—Directing Verdict.

In an action against a railroad company for the negligent killing of stock, where the plaintiff's right of recovery depends upon defendant's negligence, and where there is no evidence tending to prove negligence, and no circumstance from which negligence might be reasonably inferred, it is the duty of the court to direct a verdict in favor of defendant.

Error from District Court, Latimer County; W. H. Brown, Judge.

Action by W. S. Elliott against Jacob M. Dickinson, receiver, and the Chicago, Rock Island & Pacific Railway company. Judgment for plaintiff, and defendants bring error. Reversed and remanded.

R. J. Roberts, C. O. Blake, and Raymond A. Tolbert, for plaintiffs in error.

G. B. Mitchell, for defendant in error.

McNEILL, J. This action was instituted by W. S. Elliott, defendant in error, plaintiff below, against plaintiff in error, defendant below, for damages for the killing of two horses by defendant's train on its railroad track on the 12th day of December, 1915. The action originated in the justice court, and from a judgment in favor of the plain-

tiff an appeal was taken to the district court, and there the case was tried to a jury, which resulted again in a verdict and judgment for plaintiff, and from said judgment the defendant has appealed to this court.

The first assignment of error urged raises the question of the sufficiency of the evidence to support the verdict. The only act of negligence alleged in the bill of particulars is as follows:

"3. That on or about said day, said live stock, without fault on plaintiff's part, strayed on defendant's tracks, and by reason of negligence in running and managing its locomotive and cars, were then and there run over and killed, to plaintiff's damage in the sum of $200."

The record disclosed that the animals were killed on or near the crossing and station grounds of the defendant's road near a stop called Lutie. At this point there was a public road and a shale platform with a sign post with the name of the station upon the same. There was no switch, depot, nor sidetrack, but a portion of the right of way of the defendant's road for a distance of about 250 to 300 feet was unfenced at this point. The horses came upon the track on the road crossing or within a few feet thereof and were struck on the track between the road crossing and the shale platform. The record further disclosed that the horses were killed in the morning before daylight. There were no eye-witnesses to the killing. The record disclosed that there were horse tracks upon the railroad track, where the horses had run on the track close to the crossing and run down along the side of the track for a short distance, of from 12 to 20 feet. The engineer testified that it was about five o'clock in the morning and dark; that he first heard the horses running, and saw them on the side of the track running about ten feet ahead of the engine; that he shut off the engine and employed what means were possible, but was unable to stop the train before striking the horses.

From an examination of the record we are unable to find any circumstance which would justify the inference that the horses were on the track or in a place of peril a sufficient time that the engineer might have discovered them in time to prevent running into them.

The only act of negligence alleged was the act of negligence in the operating of the train, and the evidence fails to disclose any negligence upon this point, or circumstances from which negligence might be inferred. There being no evidence upon this point, the same is insufficient to support the verdict of the jury. Following the rule adopted by this court in the case of St. Louis & S. F. R. Co. v. Smith, 41 Okla. 315, 137 Pac. 357, the court should have directed a verdict for the defendant.

It is contended, however, by plaintiff that at the place where the animals were killed, the right of way was not fenced for a distance of 250 to 300 feet, and as to whether this portion of the right of way was exempt from being fenced, that was a question of fact to be determined by the jury, and when the killing occurred on the track at such a point, or the animals got upon the track at such a point, this being a question of fact for the jury, that the defendant was liable and it was so decided by the verdict of the jury. This might have been true if such issue had been raised by the bill of particulars. The court, however, instructed the jury that the accident occurred at the railroad crossing and station grounds. This instruction might have been erroneous ,as this might be a question for the jury, but the question as to whether it was the duty of the company to fence its right of way at this point was not pleaded an act of negligence, and was not made an issue in the case, and therefore cannot be considered at this time on appeal.

For the reasons stated, the cause is reversed and remanded, with instructions to grant defendant a new trial.

OWEN, C. J., and PITCHFORD, HIGGINS, and BAILEY, JJ., concur.