**McADOO, Director General of Railroads, v. McCARTNEY.**

No. 10813—Opinion Filed Sept. 26, 1922.

(Syllabus.)

**Railroads—Killing of Stock—Negligence—Insufficiency of Evidence.**

In an action against a railway company for the negligent killing of a horse, where the plaintiff's right of recovery depends upon defendant's negligence. and where there

is no evidence tending to prove negligence, and no circumstances from which negligence might be reasonably inferred, it is the duty of the court to direct a verdict in favor of the defendant.

Error from District Court, LeFlore County; E. F. Lester, Judge.

Action by Joe McCartney against the Chicago, Rock Island & Pacific Railway Company, for damages for the killing of a horse. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Roy St. Lewis, C. O. Blake, W. R. Bleakmore, and R. A. Tolbert, for plaintiff in error.

White & Reid, for defendant in error.

NICHOLSON, J. This action was brought by Joe McCartney, as plaintiff, against the Chicago, Rock Island & Pacific Railway Company, as defendant, to recover damages in the sum of $100 for the wrongful and negligent killing of a horse, the property of the plaintiff. By stipulation, Wm. G. McAdoo, Director General of Railroads, was made the party defendant. The trial resulted in a verdict in favor of the plaintiff in the sum of $75, upon which judgment was rendered, and to review which this proceeding in error was instituted.

The plaintiff in error insists that there was no actionable negligence upon his part, and that the court erred in overruling his motion for a directed verdict.

The testimony of the plaintiff, briefly stated, is that he turned the horse loose on a vacant lot near the station grounds and railroad track at Howe; that the horse wandered upon the track and was killed by an east-bound passenger train; that the plaintiff was standing by the bank in the town of Howe; that he heard the train whistle, and a Mr. Kelly said "Look yonder," he looked and saw his horse in the air; that the horse was knocked about 60 feet and against a box-car which was standing on a spur track; that the train was running at a rate of speed of about 30 or 35 miles an hour.

B. S. Bohanan, a witness for the plaintiff, testified that he, with others, went to where the horse was struck, and it was about 33 feet from where the horse was struck to where he fell. Mr. Kelly testified that it was about 20 steps from where the horse was struck to where he was lying.

E. Deitrich, the engineer, testified that he first saw the horse when his engine was about 200 feet west of the cars on the spur track; that the horse came from behind said cars and walked toward the main line; that he immediately set the air brake at its full capacity and commenced whistling at the horse; that the bell on the locomotive was automatic and was ringing continually; that the horse acted as though he could not see; that the end of the pilot beams struck the horse and knocked him against the side of the car standing on the spur track. He further testified that it would not have been possible for him to have stopped the train in time to prevent striking the horse, and that he did everything possible to prevent the accident. It was admitted that the horse was killed on the station grounds of the railroad company.

From an examination of the record, we are unable to find any evidence of negligence on the part of the plaintiff in error, and no circumstances appear from which negligence might be reasonably inferred. No evidence was offered tending to show that the horse was on the track or in a place of peril a sufficient length of time that the engineer might have discovered him in time to prevent the accident. The company was not required to fence its station grounds, and it is not claimed that the train was running at an excessive rate of speed. The evidence shows that the engineer did all that he could have done immediately upon discovering the horse upon or near the track to prevent injuring him, and this evidence is not controverted. The motion of defendant below for a directed verdict should have been sustained. Ft. Smith & Western Ry. Co. v. Dixon, 51 Okla. 722, 152 Pac. 350; Missouri, K. & T. Ry. Co. v. Raines. 59 Okla. 52, 158 Pac. 936; Dickinson, Receiver, et al. v. Elliott, 77 Okla. 311, 188 Pac. 660.

For the reason stated, the judgment of the trial court is reversed, and the cause remanded for a new trial.

KANE, JOHNSON, McNEILL, and ELTING, JJ., concur.