**DICKINSON, Receiver, et al. v. ELLIOTT.**

No. 9674—Opinion Filed March 30, 1920.

(Syllabus by the Court.)

**Railroads—Killing Animals on Track—Negligence—Evidence.**

In an action against a railroad company for killing a hog that was trespassing upon its railroad track, where the evidence disclosed that the track was straight for a distance from a half mile to a mile both ways from where the animal was struck by the train, at a point within 50 to 200 feet of a railroad crossing and station, and further disclosed the hog was feeding between the rails and had been at that point for at least ten minutes prior to the time the train struck said hog, and there was nothing that obstructed the view of the engineer or fireman, the accident occurring in broad daylight, and the engineer employed no means to prevent injuring the hog, or to warn the hog of the approach of said train, held, when the company offered no evidence, such facts were sufficient to submit the question of negligence to the jury and to support a verdict against said company.

Error from District Court, Latimer County; W. H. Brown, Judge.

Action by W. S. Elliott against Jacob M. Dickinson, receiver, and the Chicago, Rock Island & Pacific Railway Company. Judgment for plaintiff, and defendants bring error. Affirmed.

W. H. Moore, C. O. Blake, R. J. Roberts, J. E. DuMars, and Chas. H. Hudson, for plaintiffs in error.

G. B. Mitchell, for defendant in error.

McNEILL, J. This action was commenced by defendant in error, plaintiff below, against the plaintiffs in error, defendants below, to recover damages for two hogs and a foxhound belonging to plaintiff, killed upon defendants' railroad by the defendants' train. There was a verdict for the plaintiff below for the killing of each animal, but a remittitur was filed for the amount of damages awarded for killing the foxhound, and judgment was rendered in the sum of $50 for the killing of two hogs.

The only assignment urged raises the question of the sufficiency of the evidence to support the verdict. The evidence on behalf of the plaintiff disclosed that one hog was killed May 2d and one on May 9, 1910, at approximately the same place and within 50 to 200 feet of a railroad crossing and station called "Lutie." There were witnesses who witnessed the killing in both instances. The evidence shows a straight track each way from the point where the hogs were killed, in one direction about a half mile and in the other direction about a mile. In both instances there was evidence that the hogs were on the track between the rails eating green wheat or oats and had been there continuously for at least ten minutes prior to the time they were struck by the trains. The evidence further disclosed that no whistle was blown, no bell rung, nor steam discharged, nor anything done by the engineer or fireman to either scare the animals from the track or stop the train.

The evidence further disclosed that the hogs were killed in the daytime, with no obstruction between the hogs and the train that would prevent the engineer or fireman from seeing the animals on the track. The defendants did not offer the engineer or fireman to rebut any of the evidence offered by the plaintiff.

It is conceded that the defendant company owed no duty to look out for the hogs, as they were trespassing on the track, but was only required to exercise ordinary care, after discovering the presence of the hogs upon the track, to prevent injuring or killing them. The only question presented is, Is the evidence sufficient to support the finding that the engineer and fireman discovered the hogs upon the track before killing them; it being admitted that nothing was done to stop the train or to blow the whistle, ring the bell, or discharge steam, if unable to stop the train, to scare the animals from the track?

This case is very similar to the case of Atchison, T. & S. F. R. Co. v. Davis & Young, 26 Okla. 359, 109 Pac. 551. The facts in that case were substantially as follows: The animals were killed at a point on the track which was straight each way from where the mules were killed. The evidence disclosed that the mules had traveled on an embankment just outside the track or cross-ties until they got within a short distance of a railroad bridge, when they got upon the track. There were also mule tracks indicating that the mules had run around on the track in an enclosure close to the bridge on the railroad track. The mules were found near the bridge, badly bruised. There were no eyewitnesses to the killing of the animals. The court held these circumstances were sufficient to make out a prima facie case when the railroad company did not produce the fireman or engineer. The court said:

"When the circumstances in proof on the part of the plaintiff tend to fix a liability on the defendant who has it in his power to offer evidence of all the facts as they existed and rebut the inferences which the circumstances of the facts proved tend to establish, and he

fails to offer such proof, the natural conclusion is that such proof, if produced, instead of rebutting, would support the inferences against the defendant, and the jury is justified in acting upon such conclusion."

By applying the same rule to the case at bar, we think the fact that the hogs were on the railroad track between the rails continuously for ten minutes prior to the time they were struck by the train, the view between the engineer and the animals being unobstructed and in broad daylight, the track being straight a distance from a half mile to a mile before the train reached the point where the animals were located, together with the fact that the defendant offered no evidence, was a sufficient circumstance from which the jury could reasonably infer that the engineer or fireman discovered the animals on said track before killing them. The evidence disclosed that the company employed no means to prevent running over the animals or even to warn the animals of the approaching train.

We think the evidence was sufficient to submit the case to the jury, and the court did not err in so doing. There being sufficient evidence to submit the case to the jury, the same, being uncontradicted, would be sufficient evidence to support the verdict of the jury.

For the reasons stated, the judgment of the court is affirmed.

RAINEY, V. C. J., and KANE, JOHNSON, and HIGGINS, JJ., concur; OWEN, C. J., and PITCHFORD and BAILEY, JJ., dissent.